NEW YORK,
Oct. 1812.

KELLOGG
v.
MANRO.

KELLOGG, ASSIGNEE OF THE SHERIFF, &c. *against* MANRO AND BROWN.

*Where a defendant arrested on mesne process, having been surrendered into the custody of the sheriff, in discharge of his bail, was permitted to go at large within the liberties of the gaol, on giving a bond as security to the sheriff, in the usual form, afterwards escaped and went beyond the liberties; and the sheriff, on the 1st October, 1810, assigned the bond to the plaintiff, who brought an action thereon, it was held that the taking of the bond was authorized by the act of the 30th March, 1801, (sess. 24. c. 91.) the defendant being in custody on civil process only; and it was therefore assignable under the act of the 28th March, 1809. (Sess. 32. c. 148.)*

*The plaintiff in the suit on such bond is, prima facie, entitled to re-* cover the whole debt due in the original suit; and, at least, as much as he has actually lost by the escape.

*Where, on* a surrender and *committitur* of the defendant by his bail, the plaintiff consented to an *exoneretur*, this was deemed a sufficient discharge, as it regarded the plaintiff; as the *exoneretur* might be entered by the bail, at any time, and pleaded.

THIS was an action of debt. The declaration stated that *Manro* became special bail for *Brown*, in the *Onondaga* court of common pleas, in *January* term, 1809, in an action of *covenant* brought by the plaintiff, &c.; that a judgment was recovered by the plaintiff in that suit, which remained of record, in full force, &c.; that the defendant, *Brown*, on the 11th *December*, 1809, surrendered himself before a judge, in discharge of his bail, and was thereupon committed to the custody of the sheriff; that, on the same day, both defendants executed a bail-bond to the sheriff, conditioned that *Brown* should remain a faithful prisoner, &c. (being a bond in the usual form for the gaol liberties.) The plaintiff averred, that the defendant, *Brown*, did not remain a true and faithful prisoner, &c. but escaped, on the 1st *March*, 1810, and went without the limits, &c. without being discharged, &c. and without the permission of the plaintiff, who remains wholly unpaid, &c.; that the sheriff, on the 1st *October*, 1810, assigned said bond, according to the statute, to the plaintiff, whereby an action has accrued, &c.

At the trial of the cause, the plaintiff gave in evidence the bond and assignment, the record of the judgment against *Brown*, the *bail-piece* and *committitur*, and the consent of the plaintiff that an *exoneretur* be entered on the bail-piece, *January* 4, 1810. He also proved the escape of *Brown*. The defendants proved that *Brown* was insolvent, and the only property he possessed was a cow of the value of 16 dollars; and his counsel contended that the plaintiff was not entitled to recover; 1. Because no *exoneretur* had been entered on the bail-piece; 2. Because no *ca. sa.* had been issued or returned in the original action against *Brown*; and, 3. That if the plaintiff was entitled to recover, it could be only nominal damages. The judge overruled these objections, and directed the jury to find a verdict for the plaintiff, for sixteen dollars, the value of the cow, and the jury found accordingly.

The defendants moved in arrest of judgment, and also for a new trial.

*Cady* and *Curtiss*, for the defendants, contended, in support of the motion in *arrest*, that the bond was not assignable, as it was taken previous to, the act of the 17th *March*, 1810; (sess. 34. c. 68.) and it is only bonds taken in pursuance of that act that can be assigned.

2. On the motion for a new trial, they contended that the plaintiff was entitled to nominal damages only. The acts of the legislature do not declare what damages are to be recovered in actions on bonds taken on mesne process. If the sheriff himself had brought an action for the escape, he could have recovered no more than nominal damages, as no suit had been brought against him. The act of 28th *March*, 1809, (sess. 32. c. 148.) rendering bonds taken for the gaol liberties assignable, speaks of prisoners in *execution*, and relates only to bonds taken on imprisonment on *final process*. The plaintiff cannot recover more than the sheriff himself could have recovered.

*Kellogg*, contra. 1. By the act of 30th *March*, 1801, (sess. 24. c. 91.) it is declared to be the duty of the sheriff to permit any prisoner, in his custody on *civil process* only, to go at large within the limits of the gaol liberties, on his giving security, by bond, as provided by the act. If the plaintiff could, by that act, take a bail-bond for the liberties in this case, then, by the act of 28th *March*, 1809, such bond is made assignable. It is manifest from the preamble to the act of the 17th *March*, 1810, that it is declaratory of that of 1801, which extends to the present case, as *Brown* must be considered in custody on *civil process* only. The bond, therefore, by the act of the 28th *March*, 1809, was assignable.

2. As to a new trial. The plaintiff gave his written consent that the *exoneretur* might be entered on the bail-piece, and it was in the power of the defendant to complete the *exoneretur* at any time. The plaintiff had done all in his power. In regard to the amount of damages, the plaintiff has the most reason to complain, for he ought to have recovered the whole amount of the judgment in the original action. At any rate, the plaintiff is entitled, at common law, to recover what he has lost by the escape of the prisoner; and he has lost to the amount of the property of the defendant, in the original suit.

NEWYORK,
Oct. 1812.

KELLOGG
v.
MANRO.

*Per Curiam.* If the bond stated in the declaration was authorized by the act of 1801, (*Laws*, v. 1. p. 350.) then there cannot be a doubt of its having been duly assigned. The act directed the sheriffs to grant the liberties to all prisoners " who should be in their custody on civil process only," on taking the bond with requisite security. The term *civil process* was here used in contradistinction to criminal process. A person in custody, on surrender, in a civil suit, is committed by a *committitur* under the hand of the judge, and is detained under the original process by which he was at first arrested. The surrender does away the effect of the recognisance of bail, and leaves the party under the power of the original process, in the same manner as if bail had never been taken. He is in custody, either under the original process, or the *committitur ;* and if he is to be deemed in prison under the latter, it is still process, within the meaning of the act; for it is an authority exercised in a civil suit, and of sufficient legal validity to justify the sheriff. The case is also within the meaning and equity of the act. The statute of 1810 is declaratory, and shows the legislative sense to be, that the act of 1801 applied to the case. There is, then, no ground to arrest the judgment, and that motion is, therefore, denied.

The motion upon the case to set aside the verdict is not well founded. It appears that an *exoneretur* was consented to by the plaintiff, after all the previous steps to entitle the party to it had been taken. The entry of it upon record was, then, a matter of course, and to be done at any time by the defendant. The plaintiff could not, after that consent, have prosecuted the recognisance with success, or even with good faith, and the defendant would, at any time, have been entitled to have entered it, and to have pleaded it. The only question, then, is, whether the plaintiff cannot, upon such a bond, recover beyond nominal damages. This point is too plain to admit of discussion. He is entitled, *prima facie,* to recover his whole debt, which is presumed to be lost by the escape, and it could only have been reduced down to the sum found by the verdict, upon the evidence given, that if the party had not escaped, there was no ground to consider that any greater sum could have been recovered of the original defendant by the coercion of confinement.

　　　　　　　　　　　　　　　　　　　Motions denied.