WINDHAM COUNTY, FEBRUARY TERM, 1828.

*Gardner Howe* vs. *Epaproditus Ransom.*

A return of execution *non est inventus*, made at any time within sixty days, is *prima facie* good to charge the person who had become bail for the debtor on the original process.

If such return be made prematurely, and the bail is thereby injured, he must shew the matter to the court by plea, in order to avoid the effect of the return.

THIS was an action of *scire facias* against the defendant who had become bail for one *Leonard Brown*, by endorsing his name on the back of an original writ in favor of the plaintiff against the said *Brown*, agreeably to the 28th and 29th sections of the Judiciary act (page 66 of *Rev. Laws*.) The declaration stated, that the writ of attachment against *Brown* was sued out on the 15th day of October, 1825, and made returnable to a justice of the peace, on the 25th of the same month—That said writ was given to an officer to be served, who on the 18th of the same month, by virtue of said writ, arrested the said *Brown* : and thereupon the said *Ransom* became bail and surety for the said *Brown*, that he should appear in the said suit of the said *How*, and respond the judgment which should be therein obtained, if any, by endorsing his name on the back of said writ according to the statute—That a judgment was afterwards rendered in said suit for the plaintiff—that an appeal was taken thereform to the County Court, and that final judgment was rendered for the plaintiff by said County Court, at April Term, 1826, for $73,59 damages and for $7,73 cost—That afterwards, on the 25th day of April, 1826, the said *How* took out an execution on said judgment for the sums aforesaid, dated on the same day, duly signed by the clerk of said court, and returnable within sixty days from its date—That within thirty days from

the rendition of the last aforesaid judgment, <span>{ Windham, Feb. 1828.</span>
to wit, on the 9th of May, 1826, the said <span>How vs. Ransom.</span>
*How*, delivered said execution to *James Mack*, deputy sheriff within and for said county of *Windham*, to serve and return—that afterwards, at *Brattleborough*, in said county, on the 19th day of June, 1826, and within sixty days from the rendition of said last mentioned judgment, the said deputy sheriff returned said execution into the office of the clerk of said County Court, with his return thereon legally endorsed in these words : " *Wind-*"*ham County,ss*. *Townsend, May* 13, 1826. Then with this exe-"cution,I repaired to the usual place of abode of the within named " *Leonard Brown*,and there made demand of goods or chattels to " satisfy the same and my fees ; but none were shewn to me, nor " could I find, by the most diligent search through my pre-" cincts, either the body of the said *Leonard Brown*, or any " estate whereon to levy and satisfy this execution.

" *Attest James Mack, D. Sheriff.*"

There was an averment in said declaration, That for a long space of time, to wit, from the 9th day of May, to the 19th day of June next following, the said *James Mack*, deputy sheriff as a-foresaid, made diligent search within his precincts for the body or property of the said *Leonard Brown*, whereon to satisfy said execution, but that he could no where, within said precincts, find either the body or property of said *Brown*, whereon to satisfy the same—That said judgment yet remained in full force, &c.

To this *scire facias* there was a *general demurrer*, and joinder in demurrer. The cause was tried by the County Court at September Term, 1827, and a judgment was rendered *that the declaration was insufficient*. The cause was ordered to pass to the Supreme Court for a revision of said judgment.

*Bradley, in support of the demurrer*. This demurrer was taken, because, it is by law the duty of the officer to make reasonable search during the time the execution is in his possession and it, should appear by his return that he has done so. By the return in this case, it appears the search was made only on one day, be-ing 36 days before he delivered the execution into the clerk's of-fice, and that no return is made as to those 36 days.

1. This the bail contends is a return neither "legally" (*stat. p.*

Winham, Feb. 1828.    66, s. 29,) nor "regularly" made, (*stat. p.*
*How vs. Ransom.*    68, s. 34.) The debtor might have been *publicly* in the precincts, and even have been in *company* of the officer more than four weeks while the execution was in his possession, and this return have been true : and therefore no action for a false return would have lain in favor of the bail. The statute requiring the execution to be placed in the hands of the officer within 30 days of its date (*stat. p.* 68, s. 34,) is for the benefit of the bail—but would be defeated if this mode of return should be sanctioned.

2. The defect in the return is not mended by the subsequent averment. 1. The fact of return must appear of record to hold the bail. 2. Such record must be complete in itself.—11 *Mass.* 234. 3. The return of *non est inventus* cannot be made up partly of a matter of fact, and partly of a matter of record, because it would require two different modes of trial to one fact.

3. The practice in *England* and *New York* is understood not to be applicable here. But even there, the execution must be lodged in the sheriff's office the last 4 days before the return day, by way of notice.

*Ch. Phelps, for the plaintiff.* If the principal, after judgment against him, does neither pay the condemnation money, nor surrender himself to prison, a *scire facies* lies against the bail. But the *capias ad satisfaciendum* must be returned *non est inventus ;* for the bail are not bound to render the principal, until they know by the plaintiff's sueing out the writ of *capias ad satisfacindum,* that he means to proceed against the person of the defendant. And no attempt is in truth ever made to find out the principal, in order to arrest him on the *ca. sa.* but it is left at the sheriff's office merely to give the bail notice that the plaintiff intends to proceed against the defendant's person ; and, therefore, it is the duty of the bail to search in the sheriff's office to know whether any *capias ad satisfaciendum* is left there.—2 *Saund.* 72, *note a.* Suppose the officer had returned, " The within named *L. B.* is not found " within my bailiwick ?"—*Blac. Com. App.* 14. The statute requires of the officer, in the levy of executions, that he make demand of goods, &c. and hence, in our practice, the form of the *non est inventus,* is as this officer has entered it in the pres-

ent case. Whether necessary or not, when ⎧ Windham, Feb. 1828.
the defendant is a transient person, and the ⎨ How vs. Ransom.
body the only security, is not material in this trial. The duty of·
bail is to deliver the principal either in court or to the officer who
may have the execution.—*Brayton's R.* 31, *Stevens* vs. *Adams.*

PRENTISS, J. delivered the decision of the court. In the ar-
gument, several exceptions have been taken to the sufficiency
of the *scire facias*, on the ground of informality and duplicity ;
but as these defects are not assigned specially as causes of de-
murrer, they cannot be noticed. The demurrer being general,
the only inquiry is, whether the suit sets forth substantially enough
to charge the defendant as bail.

It appears that the execution against the principal was issued
and dated the 25th day of April ; was put into the hands of the
officer the 9th of May, and returned into the clerk's office the 19th
of June, with a return of *non est inventus* thereon, dated the 13th
of May. It is insisted that the return of the officer, which is set
forth in the writ at length, is altogether insufficient, because it does
not appear from it, that any search or inquiry was made by him
for the principal after the 13th day of May, the day of its date ;
and that, for aught that appears, the officer might have seen, and
had an opportunity of taking the principal, in the 36 days which
elapsed between that day and the 19th of June, when the execu-
tion was actually returned into the clerk's office. Admitting this
to be a just construction of the return, the question to be consid-
ered is, whether the return is not nevertheless sufficient.

The statute provides that bail upon an original writ shall not be
holden to satisfy the judgment which shall be rendered against the
principal, unless execution is taken out thereon, and put into the
hands of a proper officer within thirty days from the rendition of
the judgment, and a return of *non est inventus* is regularly made
thereon, within sixty days from the rendition of the judgment.—
*( Comp. stat. p.* 68, *s.* 29, 34.) The statute has not said how long
the officer shall retain the execution in his hands, for the purpose
of searching for the principal, or within what time, less than the
sixty days, the return of *non est inventus* may be made. It re-
quires the return to be made *within* sixty days from the rendition
of the judgment ; and it would seem, that if made at any time with-

Windham, Feb. 1828.

*How* vs. *Ransom*.

in that period, it would be *prima facie* sufficient to charge the bail. To hold on demurrer to the writ, that the return, in the present case, is insufficient, we must be able to fix, as a matter of law, upon some determinate time, short of which the return of *non est inventus* cannot be made ; and I do not see but that we should be obliged to say, that it can in no case be made, until the last day of the execution, which certainly has never been understood to be the law. In *Ranlet* vs. *Warren*, 7 *Mass.* 477, the bail pleaded in bar to the *scire facias*, that the execution was made returnable at an earlier day than by law it should have been. On demurrer it was urged in support of the plea, that an attempt had been made to fix the bail too soon, and that the return, being prematurely made, was no legal evidence that the principal was unable to satisfy the judgment, or that he was not ready to surrender himself to the officer, at the proper return day of the execution. But it was held, that the return of the officer was *prima facie* evidence of the inability of the principal to satisfy the judgment, and of his avoidance, and that the matter contained in the plea did not rebut that presumption. In *Collins* vs. *Cook*, 4 *Day's Rep.* 1, the officer having made search for the principal, and not finding him, returned *non est inventus* before the sixty days were expired ; and it was held to be no defence that the return was made in forty days.

If the return of *non est inventus* may be made short of the last day of the execution, shall it be at the end of ten, twenty, or forty days, or when may it be done ? If it would be good, if made at the end of forty days, how can we say, on demurrer to the writ, that it is not good, if made at the end of a less period of time ? If the return must be made after the lapse of a reasonable time, yet reasonable time, as a matter of law, cannot be affirmed of any particular period. What might be reasonable time in one case might not be so in another. It is a question of fact, and not of law, and must depend upon the circumstances of the case. In *Massachusetts*, although the length of time, that the execution shall be delivered to the officer, before the return, day is not prescribed by statute, it is settled by judicial decisions, that it must be in his hands so long, as that he may have, by diligent inquiry, a reasonable time and opportunity to find the principal. Yet in 12 *Mass.*

434, *Stevens* vs. *Bigelow,* a plea that the ⎰ Windham, Feb. 1828.
execution against the principal was not de- ⎱ *How* vs. *Ransom.*
livered to, or kept by, the officer four days before it was return-
able, was held to be insufficient. The court said that the
law requires the plaintiff to use reasonable diligence to cause
the body of the principal to be arrested, but that must depend
upon the circumstances of the case ; and they could not say, that
in all cases, the execution must be delivered to the officer four
days before the return day. In *Edwards* vs. *Gunn,* 3 *Con. R.* 316,
where the execution against the principal would expire on the
29th of June, the officer made search for the body of the princi-
pal on the 19th of that month, and on the same day made his in-
dorsement of *non est inventus* on the execution ; and on the 22d
he returned it into the clerk's office. It was determined, that al-
though it was the duty of the officer to retain the execution in his
hands a reasonable time, and to exert himself faithfully and dili-
gently for the apprehension of the principal, yet that a return made
at any time during the life of the execution, was *prima facie* evi-
dence of the avoidance of the principal, throwing upon the bail
the burden of shewing that he was injured by such return ; and
that if the execution was returned before the return day, and
before the lapse of a reasonable time, the bail could take no ad-
vantage of it, unless he shew that he had been prejudiced by it.

It appears to be the plain and reasonable conclusion, that the
return of *non est inventus* is *prima facie* sufficient, if made at any
time within the sixty days. We say *prima facie* sufficient ; for no
doubt it is competent for the bail, if the return is made premature-
ly, to avoid the effect of the return by plea. In *England,* it
being the common practice, when a plaintiff intends to proceed a-
gainst the bail, to carry the *ca. sa.* to the sheriff 's office, and
give directions to have it returned *non est inventus,* the return is
considered as procured at the peril of the plaintiff, and is merely
*prima facie* evidence of the avoidance of the principal. (*Forsyth*
vs. *Mariot,* 1 *New Rep.* 251—*Bucks* vs. *Maine.* 16 *East,* 2,)—
But as a regular return of *non est inventus* is here made necessary
by statute, in order to lay a foundation for proceedings against the
bail, it may be more consistent, as well as a better doctrine, to
hold, that the return cannot be contradicted in an action against

MM

Windham, Feb. 1828. the bail.—15 *Mass.* 230, *Winchell* vs. *Stiles.*

*How* vs. *Ransom.* But admitting the return to be conclusive, it can be so only as to the facts alleged in it; and in the present case, according to the construction given to the return by the defendant's counsel, if the principal, after the 13th of May, the date of the return, and before the 19th of June, when the execution was actually returned into the clerk's office, was publickly abroad within the knowledge of the officer, and might have been taken by him on the execution; or, if the execution was returned prematurely, and the principal was surrendered to the officer, at a reasonable time before the return day, though after return made, the matter might have been pleaded in bar to the *scire facias.* As such a plea would apply to a time not embraced in the officer's return, it would not be liable to the objection that it contradicted the return. This would be a plain and consistent course, and afford ample security to the bail. But if we should say on demurrer to the writ, that the return in this case is bad, we must go the whole length of saying, that although the principal may have notoriously absconded, and was not within the officer's precinct during the life of the execution, yet it was necessary for the officer, although the bail has sustained no damage, to have postponed his return, until the last day of the execution. Certainly, such has never been understood to be the law; and we are not aware of any reasons, either of justice, of policy, or expediency, which require that it should be so. A return made at any time within the sixty days must be *prima facie* good; and if it is made prematurely, and the bail is injured by it, he must show the matter to the court by plea, in order to avoid the effect of the return. As this has not been done in the present case, but the defendant has demurred to the writ, nothing appears why he ought not to be charged; and the plaintiff's writ being sufficient, the judgment of the County Court must be reversed, and judgment entered for the plaintiff, unless the defendant move to withdraw his demurrer, and plead to the action, which will be allowed him on the payment of costs.

Judgment reversed.

*Ch. Phelps*, for plaintiff.

*Bradley*, for defendant.

After *Judge Prentiss* had delivered the opinion of the court, reversing the judgment of the County Court,

    Windham, Feb. 1828.

    *How* vs. *Ransom.*

HUTCHINSON, J. expressed his opinion dissenting from that of the court, as follows : I cannot feel satisfied with the opinion now delivered. It is a case attended with some difficulty. We found it so in the County Court : but after devoting much more time to it then than we have now, we made the decision which is now reversed.

I feel no difficulty in so far agreeing with my brethren, as to admit, that under certain circumstances, a sheriff may make his *non est return* upon an execution soon after he receives it, and this be fair and binding upon the bail. It may be publicly known that the debtor has so entirely absconded that search will be of no use. The bail may be in failing circumstances : hence it might be proper to make speedily all the search he intended to make, and close his return, so that the creditor might have his action against the bail. My difficulties are not of this kind. Here, the sheriff on the nineteenth day of June returns his execution to the Clerk, with a very ceremonious return thereon endorsed, dated about five weeks previous, and written in the past tense. He says " I then " repaired to the usual abode of the debtor, and made demand " of goods, &c. and none were shown me, nor could I, by the " most diligent search throughout my precinct, find the body of " the said debtor." In strictness of speech, this return contains no assertion that he had made any search at all for the body, but rather that he took it for granted that he could not find him by searching. But I lay no stress upon this. This return covers no time but the day of its date ; whereas it should cover all past time after he received the execution. Yet I pass from this to what is more important. The return certainly covers no time after its date. There were then about five weeks, in which the officer might have seen the debtor every day, with the execution alive in his hands, and yet this return might have been true. Whatever the officer states in his return is binding upon the bail in this action. The plaintiff might recover of the sheriff for a defective return. The bail can meet it in no way but in his defence as he now urges it. Now, while the bail is bound by the officer's return, in reference to the facts it contains, he has a right to claim

Windham, Feb. 1828. of the officer a full return of facts that should
*How* vs. *Ransom.* exist to charge him. He has a right that the
sheriff shall date his return when he returns his execution to the
office, and, at that date, say he has made diligent search and can-
not find the body. I cannot but view this return as studiously
worded so as may be true ; and yet, to charge the bail, without
more and different facts, would be a fraud upon him. I regret
the trouble to the parties by our decision in the County Court, but
my mind is some relieved by the conclusion to which the court
have arrived, to permit the demurrer to be withdrawn, and a spe-
cial plea, such as once was filed in the action, to be again filed,
and the fact litigated before the jury, whether the debtor might
have been apprehended, with reasonable search, during the period
not comprehended in the sheriff's return, and during which the
execution was alive in his hands.

NOTE—The above cause was tried again at the April Term, 1828, on a tra-
verse to such a plea in bar as above alluded to, and the defendant obtained a
verdict.