STEVENS and others *vs.* ROWE, sheriff, &c.

In case against a sheriff for neglecting to return a *fi. fa.*, the declaration ought to show in what manner the plaintiff has sustained damages. *Semble. Per* BEARDSLEY, J.

And where there was no averment in the declaration in such an action that the judgment debtors had real estate subject to be levied on and evidence had been given to show that there was not sufficient personal property to satisfy the *fi. fa.*; HELD, that the plaintiff was not entitled to prove that the debtors had real estate which ought to have been sold by the sheriff.

The cases of *The Bank of Rome* v. *Curtiss*, (1 *Hill*, 275,) and *Pardee* v. *Robertson*, (6 *id.* 550,) commented on and doubted. *Per* BEARDSLEY, J.

Although the sheriff is *prima facie* liable for the debt, upon proof that he has neglected to return the execution, he may nevertheless mitigate the damages by showing (*inter al.*) that the judgment debtors are solvent, and that the judgment is still collectible. *Per* BEARDSLEY, J.

CASE, tried at the Oswego circuit, in June, 1844, before GRIDLEY, C. Judge. The declaration sets out the recovery in

this court of a judgment by the plaintiffs against Baldwin & Neilson, and the delivery of a *fi. fa.* thereon to the defendant as sheriff of Oswego county. One count alleges that the defendant levied and made the amount of the execution of the personal property of the defendants therein, but that not regarding his duty, &c. the defendant had not the money so levied or any part thereof before the justices, &c. at the return day; nor had he paid the same to the plaintiffs; nor had he the said writ at the return day thereof before, &c. nor had he since returned the same. The second count avers that the defendants in the execution had goods and chattels whereof the sheriff might and ought to have made the money; yet, not regarding his duty, &c. he did not levy the said money, nor did he at the return day of said writ make return thereof. The defendant pleaded not guilty.

On the trial the judgment and execution were proved. It was shown that the execution was in the defendant's hands, and that it remained in his hands about two months after the return day. The plaintiffs also gave evidence to show that the defendants in the execution had personal property on which the same might have been levied, and the money made.

The defendant then gave evidence to show that Baldwin & Neilson were not owners of the personal property referred to in the evidence on the part of the plaintiffs, and of which it was supposed the money might have been made.

The plaintiffs offered to show that at and after the return day the judgment debtors had choses in action which might have been reached by a creditor's bill, if the execution had been duly returned, but which could not now be reached by the plaintiffs. This was objected to and excluded. The plaintiffs also offered to show that during the whole time the execution was in force Baldwin, one of the debtors, owned real estate in the county of Oswego, upon which the judgment was a lien, of greater value than the amount of money to be collected, and which might have been sold on the execution. This was objected to and excluded for the reason that the declaration did not aver the fact that Baldwin had real estate which might have been levied on.

Stevens *v.* Rowe.

The judge charged the jury 1. That it was for the defendant to show that no damages had been sustained by the plaintiffs, or less than the amount of the judgment. 2. That it was also for the defendant to show that the property of the debtors was so circumstanced that he could not make the amount of the execution. The plaintiffs' counsel then desired the judge to charge that as the defendant had not returned the execution, he was liable to the plaintiffs unless he showed that plaintiffs had sustained no damage by said neglect to return the execution; but the judge declined to vary his charge. Verdict for plaintiffs for $17,82, which they move to set aside on a case.

*N. Hill Jr.*, for the plaintiffs, argued that the judge erred in excluding evidence to show, that Baldwin owned *real estate* which was liable to be sold on execution; and for this he cited *Pardee* v. *Robertson*, (6 *Hill*, 550.)

*M. D. Bagg,* for the defendant.

*By the Court*, BEARDSLEY, J. The declaration alleges that the defendant, being sheriff of the county of Oswego, did not duly return the writ of *fi. fa.* placed in his hands for collection, but failed so to do. It also alleges that he collected the amount of said execution, but had not the money so collected in court at the return day thereof; nor had he paid the said money to the plaintiffs. There is also an averment that the defendants in said writ of *fi. fa.* had personal property out of which the defendant might have levied and made the amount to be collected, but that he neglected so to do. There is no allegation however in the declaration that the defendants in the execution or either of them had any real estate upon which the judgment was a lien, or out of which the sheriff might have made the amount he was required to collect on the execution.

It appeared on the trial that the money had not been collected by the defendant, as alleged in the declaration; and the jury have found that only seventeen dollars and eighty-two cents could have been made out of the personal property of the de-

fendants in the execution. For that sum a verdict was found for the plaintiffs, and these two grounds for a recovery of damages are thus completely disposed of. So far as respects the question to be decided in this case they may therefore be thrown out of view.

We are thus brought to the only other ground for a recovery of damages stated in the declaration, that is, the neglect and omission of the defendant to return the *fi. fa.* as he was commanded, and as it was his duty to do.

At common law, no action lay for such violation of duty, although the sheriff might be attached and punished for it. I admit, however, that under the statute an action may be maintained for such misconduct, and in which the party aggrieved is entitled to recover "for the damages sustained by him." (2 *R. S.* 440, § 77; *Pardee* v. *Robertson*, 6 *Hill*, 550.) The amount to be recovered is thus prescribed by the statute, which is "the damages sustained" by such violation of duty, whatever that amount may be. The full amount to be levied and made on the execution is not necessarily recoverable, although *prima facie* that may be the just measure of reparation where nothing is shown to induce a belief that the real loss of the aggrieved party is less than that amount. I am not now stating the grounds on which the damages may be reduced, but simply adverting to the rule that *prima facie*, where no such grounds are presented, the amount of the unpaid execution debt is the true sum to be recovered as damages.

The statute, it will be observed, does not prescribe the form of declaring in such an action. It makes the sheriff liable "for the damages sustained" by the neglect to return the execution; but the form of the remedy and to what extent the particular grounds for a recovery of damages should be stated in the declaration, are not set forth in the statute. These must be determined by the principles of the common law which apply to analogous cases, and which clearly show that an action on the case is an appropriate form of remedy. It is equally clear upon common law principles that the particular grounds of damage on which the plaintiff seeks to recover should be stated in the

declaration. This rule is most reasonable; for without it the defendant cannot know what matter of fact beyond the neglect and omission to return the writ he is to meet on the trial. The rule in other actions, as far as I know, is universal that the particular ground of damage on which the party is allowed to recover must be stated in the declaration; and I am wholly unable to see why a requirement so just in itself should be dispensed with in any case. It is nevertheless true that there are some cases which countenance other views, and which would seem to justify the conclusion that upon a simple allegation of neglect to return a writ of *fi. fa.* the whole matter, so far as respects the various grounds on which damages may be recovered, is thrown open.

In *Pardee* v. *Robertson*, already referred to, the defendant, who was sheriff, with a view to reduce the amount of the recovery, gave evidence that there was no personal property out of which he could have made the amount of the execution. In answer to this proof, although the declaration simply charged neglect to return the *fi. fa.* (6 *Hill*, 551,) the plaintiff was allowed to show not only that the defendant in the execution had real estate out of which the money might have been made, but also that in fact the defendant had collected the money out of such real estate.

In the case of *The Bank of Rome* v. *Curtiss, sheriff, &c.* the action was for " neglecting to *collect* and return" the writ of *fi. fa.* (1 *Hill* 275.) It appeared that the sheriff might have collected the amount out of the personal property of the defendants in the execution, but had not done it, nor had he returned the writ according to its command. It was also shown on the trial that one of the defendants in the execution " was still abundantly able to pay the judgment and execution." Upon this the counsel for the defendant insisted and " asked the judge to charge that the plaintiffs could only recover such amount as they had lost by his neglect, and not the amount remaining due and unpaid." This the judge refused to do, and on the contrary, directed the jury to find the full amount remaining unpaid on the execution. On a motion for a new trial, this

court held that the charge of the judge was correct, and refused to grant a new trial.

I must say that I should find great difficulty in following either of these cases as authority, even where the facts and circumstances were identically the same; and I am by no means disposed to extend them as authority to cases which admit of a plain distinction in matter of fact.

The decision in *The Bank of Rome* v. *Curtiss*, was said to be in accordance with the rule laid down in two cases adjudged in Massachusetts; but as I read those cases they have no application to such a state of facts as was shown to exist in *The Bank of Rome* v. *Curtiss*. In that case it appeared that the debt had not been lost, although its collection had been delayed by the neglect of the sheriff; for the proof showed that the debt was still safe and collectible. Yet the court held that the sheriff was liable for the full amount of the execution in his hands. I am unable to see that any such rule was laid down in either of the Massachusetts cases.

In the first of these cases in order of time, ( *Weld* v. *Bartlett;* 10 *Mass.* 474,) Parker J. said, that where an officer had " neglected to do his duty, *so that the effect of the judgment appears to be lost,* the judgment in the suit so rendered ineffectual is *prima facie* evidence of the measure of injury which the plaintiff has sustained; but it may be met by evidence of the total inability of the debtor to pay." The other case, ( *Young* v. *Hosmer*, 11 *Mass.* 89,) is equally explicit, and makes the sheriff liable for the entire debt; because " the benefit of the judgment to the whole amount of it is to be presumed lost by the negligence of the officer." This principle can surely have no bearing on a case in which it appears that the judgment had not been lost, but was still safe and collectable. In *Kellogg* v. *Manro*, (9 *John.* 300,) which was also cited as sustaining *The Bank of Rome* v. *Curtiss*, the rule is stated as in the Massachusetts cases. It was said to be too plain for discussion that the plaintiff might recover beyond nominal damages. " He is entitled," say the court, " *prima facie,* to recover his whole debt, *which is presumed to be lost by the escape.*"

Stevens v. Rowe.

I make no objection to this rule in any action brought against an officer for the violation of such a duty. *Prima facie* it may well be taken that the whole debt has been lost by the negligence of the officer; and if such be the fact, it is most just that he should pay the full amount. But when the proof shows that the debt has not been lost, although the collection has been delayed, and that it is still safe and collectible, it seems to me entirely clear that the rule laid down in the Massachusetts cases and in *Kellogg* v. *Manro*, is wholly inapplicable.

So far as respects the point in judgment, the present case is very much like that of *Pardee* v. *Robertson*. In that, the injury complained of in the declaration was a neglect to return the *fi. fa.* And that is the only alleged injury material to be considered in this case. But in matter of fact these cases are not identical. In *Pardee* v. *Robertson*, it was proved that the sheriff had actually collected the full amount of the execution, the money still remaining in his hands. But in the case now to be decided the fact was otherwise. The proof showed that the money had not been collected; although, if the judgment was a lien on real estate in the county of Oswego, as the plaintiffs offered to show, the sheriff might have made the amount as required by the execution. In *Pardee* v. *Robertson*, as the sheriff had the money in his hands he had no right to complain that he was compelled to pay the full amount; although he perhaps might say with propriety that the declaration was not so framed as to allow proof of the collection of the money to be given. However that might be, as it was proved in the present case that the money had not been collected, I think the decision in *Pardee* v. *Robertson* should not be allowed to guide us here. If the sheriff should be compelled to pay the full amount of this execution, for the reason that the judgment was a lien on real estate, out of which the money might have been collected, as was offered to be proved on the part of the plaintiffs, he would be entirely remediless. He could not enforce the judgment and execution for his own indemnity, but must stand the entire loss. This would be too severe, where the debt is still safe, and the only injury sustained has

resulted from mere delay. It is just that the sheriff should make the party good by paying all the damages sustained by him; and so is the statute on which the action is founded; but to go beyond this seems to me quite too rigorous. *Prima facie* the sheriff is liable for the full amount of the execution debt, as it is presumed to have been lost by his neglect. This, in my estimation, is not a very violent presumption; but still may be just in regard to an officer who is in default. But when it is shown that the debt has not been lost, there is no room for presumption, and the *prima facie* case no longer exists. By the statute the measure of the recovery is the "damages sustained;" which, presumptively, I admit is the full amount of the execution. But the sheriff may mitigate the amount, not simply by showing his inability to collect the money, but by proof that the debt is still safe and collectible.

I think the circuit judge decided correctly in rejecting evidence that the judgment was a lien on the real estate of one of the defendants in the execution, and that for two reasons; *first,* the declaration contained no averment that damage had been sustained in that manner; and *secondly,* the judgment being made secure by such lien, is a decisive objection to a recovery of the full amount against the sheriff; and so can in no respect be material for the plaintiff to establish.

New trial denied.