By the Court.
Mason, J.
The plaintiff was clearly entitled to recover on the fifth,- sixth, eleventh, and twelfth counts. The defendant did not make a levy under the execution, nor did he return the execution at the expiration of the sixty days, and the return, when made, was a false return; for he returned that the execution was superseded by a writ of error, when in fact such writ of error was not issued until nearly five months after the return day of the execution.
The only question, therefore, is the amount of damages, and upon that point the cases of The Bank of Rome v. Curtis, (1 Hill, 275,) and Pardee v. Robertson, (6 Hill, 552,) seem to us decisive. *71 It was held in those cases, that in an.action under the statute against the sheriff for not duly executing and returning an execution delivered to him, (2 R. S. 440, § 77,) the debt due from the defendant in the original suit is prima fade the true measure of damages, but that the sheriff is at liberty to mitigate the amount by showing that the whole sum could not have been been. collected by due diligence on his part. The same rule had been adopted in respect to an escape from,mesne process, in Patterson v. Westervelt, (17 Wend. 543,) which appears to have been well considered; and in an action against a surety for the jail limits, (Kellogg v. Monro, 9 John. 300.) It is also in conformity with the rule adopted by the courts in Massachusetts, (Weld v. Bartlett, 10 Mass. 474,) and in Vermont, (Hall v. Brodis, 8 Verm. 485,) and in Alabama and Kentucky the. same rule is given by statute.
The case of Stevens v. Rowe (3 Denio, 327) has been urged upon the court as establishing a different doctrine, and as in fact overruling the previous decisions on this subject. . That, was an action on the case against a sheriff. The first count in the declaration alleged, that the defendant levied and made the amount, mentioned in the execution, of the personal property of the defendant therein, but that the sheriff had not the money so levied, or any part thereof, a,t the return day, and that he had not paid, the same to the plaintiff, noi had he the .writ at the return day, or at any time .since. The second count averred that. the defendants in the execution had goods and chattels, whereof the sheriff might have made the money, but that he did not levy the money, or at the return day make return of the writ. On the trial, the plaintiff introduced proof to show that the defendants in the execution had personal property out of which the debt might have been levied and' paid, and the defendant offered evidence to .the contrary. The jury found that only,$17.82 cents could have been made out of the personal property,, and gave a verdict for that amount in favor of the plaintiff; and the verdict was sustained by the court. Th¿ plaintiff also offered to show, that the defendant in the execution had real estate out of which the money might have been made, but the *72 judge excluded the evidence on the ground that there was no allegation to that effect in the declaration j and his ruling was confirmed. So that the decision of this case was not contrary to the prior decisions of the supreme court, but in so far as it related to the rule of damages, was entirely in accordance with them. For the court distiúctly held, that prima facie the sum to be recovered was the full amount of the execution, but that the defendant might reduce that amount by showing that the money could not have been collected; and the amount was in fact reduced to the sum which the jury found might have been collected. The case, therefore, is a direct authority for the position that the sheriff is liable for whatever amount he might have obtained under the process. It is true that Judge Beardsley, who delivered an opinion in the case, controverts the doctrine of the previous decisions, and maintains that the defendant may mitigate the amount to be recovered against him, not only .by showing his inability to collect the money, but by proof that the debt is still safe and collectible. If this be so, it will be impossible, in the great majority of cases, to recover any damages from a sheriff, for not executing and returning process' delivered to him. He will have one of two answers always ready; either that the defendant in the execution had no property out of which the money could have been raised, and which, if established, it is admitted would be a sufficient defence ; or, that the defendant had property abundantly sufficient to pay the debt, and therefore the plaintiff had sustained no real damage. The mere statement of the proposition seems to' carry its own refutation along with it. The statute expressly gives to a plaintiff, a right to recover damages against a sheriff who neglects to execute and return process delivered to him, and a construction which leaves to the plaintiff more than nominal damages, upon the express admission by the defendant that he had neglected his duty, and that he might have collected the debt, for the very reason he might have collected it, and might still do so, cannot be the true one.
The doctrine, however, if good as to one execution is good as' to any number of successive executions issued on the same *73 judgment. Whether the sheriff made no return, or made a false return, the ability of the judgment debtor ultimately to respond is a sufficient answer to any attempt by the creditor to recover damages against the sheriff.
It proceeds also, on the assumption that a new execution would certainly bring the money if due diligence were used. But many events may happen to defeat the collection. The judgment debtor may fail before a new execution is issued, and his personal property may go into the' hands of assignees, and the debt or execution be postponed to other debts, so as to be either entirely or partially lost; or the debtor may die, and the preference which had been gained by the execution lost by the intervention of other debts entitled to priority of payment in the course of administration.
With regard to real estate, such are its fluctuations in value, that the same piece of property which, when the first execution was issued, might have brought the whole amount of the plaintiff’s debt, may not on a subsequent occasion produce a tithe of it.
It was contended, however, that the judge should have charged as requested, that if plaintiff was entitled to more than nominal damages, it could only be the interest on the debt, that being the damage to which a party is entitled for the nonpayment of money when due. But if the debt itself is safe, so it is to be presumed is the interest, and the plaintiff would be entitled to recover interest, as well as principal, on a new execution. The same reasoning applies to the interest, as well as the principal, and the only damage, on this theory, which could bp sustained, would be for interest on the interest for that he could not recover by a new execution.
By refusing, therefore, to allow the plaintiff to recover from the sheriff the full amount of his debt, when it might have been collected had due diligence been used, the court withhold from him damages presently sustained, upon a speculation that perhaps he may realize the amount upon a fresh execution. Such a rule of damages has not yet been adopted in any case in this state. It was not adopted in Stevens v. Rose. The opinion given *74 in that case,apparently sustains it,.but it is manifestly fhe individual, opinion of Justice Beardsley, and not that of the court. We prefer to adhere to the opinion in the Bank of Rome v. Curtiss, and in Pardee v. Robertson, as laying down the correct rule on this subject.
. Whether the sheriff cttn have recourse to the defendant, for whose debt he may have thus made himselfdiable, and can collect the amount from him, or can in any way be substituted in the place of the judgment creditor, are questionsmot now before us,'and on. which we therefore, express no opinion.
The result at which we have arrived then, is, that the plaintiff might have recovered against the sheriff, in -this suit,, the full amount of her claim against Acker., The jury found, .under the direction of the judge, two hundred'dollars — much less than the amount due the- plaintiff. Although .the charge was incorrect on this point, yet.it was- more favorable for the.defendant than it ought to have been, and he has no right to eomplain, and as the plaintiff is satisfied, it is not our province to enlarge it.
The motion for a new trial must be denied.