## NEFF vs. CLUTE.

If a complaint, in a justice's court, is insufficient, the defendant should demur to it. If he takes issue upon it, he can not, upon appeal, object to it in point of form.

An action will lie to recover the damages sustained by the plaintiff by the act of the defendant in fraudulently transferring to him a promissory note, as a valid and subsisting demand, when it had been in fact previously paid and canceled.

In such action the measure of damages is, *prima facie*, the amount of the note, and interest. The ability of the maker, to pay the note, will be presumed, until the contrary is proved.

Where a party practices a fraud upon another, by turning out to him a promissory note which he knows has been paid, such fraud will vitiate the agreement, and authorize the receiver of the note to sue, either for the original consideration, or for the damage sustained by the fraud. The same state of facts would support the action in either form.

Where a promissory note is delivered back to the maker, by the holder, upon taking from him a new note for the same amount, no action can be maintained upon the first. This is on the ground that the first note was canceled and extinguished, by agreement of the parties. The same principle is equally applicable and controlling when the first note is claimed to be *lost*, and canceled by agreement of the parties, evidenced by a receipt given by the holder.

THE plaintiff sued the defendant before a justice of the peace and declared as follows : " Plaintiff complains that the defend-

Neff v. Clute.

ant, on or about the 7th day of January, 1850, for a valuable consideration, fraudulently transferred and delivered to plaintiff a certain promissory note, made by James C. Van Vranken, dated June 23d, 1849, at six months, for $61,00, with interest, as a valid and subsisting note, wherefore plaintiff demands judgment against the defendant for $61, with interest found."

The defendant in his answer, among other things, denied all the matters alledged in the complaint. On the trial of the cause, James C. Van Vranken testified that the note shown to him, of which a copy is given below, was signed by the witness on the 23d June, 1849, and that the receipt shown to him, of which a copy is also given below, was given to the witness on the 7th of January, 1850. On his cross-examination he said the note in question was given for a mare purchased of the defendant; that the old note was signed with blue ink, but that the new note was given on the same day the receipt was given, and was signed with black ink, and on a large piece of paper. Mr. Sturtevant testified that on the 3d of January, 1850, he drew a contract by which the plaintiff sold to the defendant his interest in a store. That several notes were turned out by the defendant in payment of the contract, of which he thought the note in controversy was one. That he figured on the back of it, and the figuring still remained on it. That he also recollected the name of " Van Vranken " was written " Van Vranke " in the signature. Witness further stated that the notes were not delivered on the contract till 7th January, 1850, and that he saw them delivered. On the part of the defense, Mr. Tymeson testified that he was the defendant's clerk. That the note of Van Vranken was said to be lost, and that he and the defendant looked in the house and store, and could not find it. On his cross-examination, he said the snow had not come yet when they looked for the note, and he did not know whether the defendant found it or not. Some further evidence was introduced tending, but very unsatisfactorily, to show that the note in court was the new and not the old note. The defendant's counsel also offered to prove that the witness, Van Vranken, stated in March previous that the note produced

was the new note, last given by Van Vranken. This evidence was excluded, and the defendant's counsel excepted.

The note and receipt produced in court were as follows :

" $61,00.   Six months after date I promise to pay G. M. Clute or bearer, sixty-one dollars with interest, for value received.                     JAMES C. VANVRANKEN.
     Schenectady, 23 June, 1849."

" Received of James C. Van Vranken, his note, given the 23d day of June, 1849, which note is either lost or mislaid, and can not now be found, and the payment of said note is hereby acknowledged by the said James C. Van Vranken giving a new note for the same amount, and bearing the same date. Schenectady, 7 January, 1850.                 G. M. CLUTE.
     Fr. Van Buren, witness."

Other evidence was introduced on which no questions arose on this appeal.   The jury found a verdict in favor of the plaintiff for $61, on which the justice gave judgment.   The Schenectady county court reversed the judgment of the justice, and the plaintiff appealed to this court

*N. Hill, jun.* for the plaintiff.

*P. Potter*, for the defendant.

*By the Court*, PARKER, J.   The counsel for the defendant admits that no question arises on the new matter set up in the answer by way of defense, and that the only question to be considered is, whether a sufficient cause of action was averred and proved.

The complaint is sufficiently full and explicit to make known the grievance of which the plaintiff complains ; and that was all that was required in a justice's court, even under a more formal system of pleading than that now prescribed. It is objected that there is no allegation in the complaint that the note was of any value, or that the plaintiff was damaged. It is too late in this stage of the litigation to make these objections. If the

complaint was not sufficient, the defendant ought to have demurred, instead of taking issue upon it. (*Code,* § 64, *sub.* 5 *and* 6. *Covill* v. *Wright,* 13 *Wend.* 403. *Bell* v. *Davis,* 8 *Barb. S. C. R.* 210.) The plaintiff demanded judgment for $61 and the interest. This was a sufficient claim of damages. It was fairly to be inferred from this complaint, that the plaintiff claimed to recover the amount of the note as damages which he had sustained by the defendant's act in fraudulently transferring it to him as a valid and subsisting demand, when it had been in fact, as alledged, previously paid and canceled. (*Code,* § 64, *sub.* 5.)

It is objected that there was no evidence that the note of Van Vranken was of any value, and consequently that there was no proof of the damage sustained by the plaintiff; and in support of this position, the defendant's counsel reminds us that a promissory note has no intrinsic value, and was not the subject of larceny at common law. (4 *Black. Com.* 134. 4 *Denio,* 381. 8 *Barb. S. C. R.* 639.) If this principle is applicable to civil cases, to the extent contended for, it would preclude any recovery for a chose in action, in a civil suit, as well when it was shown to be collectable as when it was not. For no proof of the collectability of a promissory note would make it the subject of larceny at common law. It is true a note is only the evidence of value, but it is the subject of property, and transferrible as such. Stealing of promissory notes is now punished as larceny by statute, and it is well established, that in civil actions, the rule of damages for the conversion of a note is *prima facie* the amount secured by it. In *Ingalls* v. *Lord,* (1 *Cowen,* 241,) the court said: "The value of the note was the amount due thereon; as no evidence was given to reduce that value, either by showing payment, or the insolvency of the maker, or any facts to invalidate the note." In *Mercer* v. *Jones,* (3 *Camp.* 476,) which was an action of trover for bills, Lord Ellenborough limited the plaintiff's recovery to the amount of principal and interest at the time of the conversion. (*See also* 10 *Mees. & Wels.* 576; 7 *Bing.* 460; 4 *Taunt.* 439; 2 *Bos. & Pull.* 451.) In *Rowing* v. *Rowing,* (2 *Rawle,* 241,) it was held that the

measure of damages was the debt of which the paper was the evidence. In *Babbett* v. *Belding*, (1 *Root*, 445,) it was decided in an action on an obligation to return public securities, or to pay for them on demand, that the damages were the value of the securities at the time of the contract. The general rule is laid down in *Sedgwick on Damages*, 512, that where the property sued for in trover is a chose in action, as a bill, note, bond, or other security for the payment of money, the measure of damages is *prima facie* the amount due on the security; the defendant being at liberty to reduce that valuation by evidence showing payment, the insolvency of the maker, or any fact tending to invalidate the security. The ability of the maker to pay the note, will be presumed, until the contrary is proved. (2 *Denio*, 609. 1 *Strange*, 505. 3 *Barn. & Adol.* 114. 17 *Wend.* 543. 9 *John.* 300.)

It is not material in this case to inquire whether it was agreed between the parties that the plaintiff should take the note in payment. (1 *Cowen*, 359. 3 *Id.* 147. 5 *Hill*, 200. 6 *Id.* 340. 3 *Denio*, 410. 5 *Id.* 360.) If the defendant practiced a fraud upon the plaintiff by turning out a note that he knew had been paid, such fraud would vitiate the agreement, and authorize the plaintiff to sue either for the original consideration, or for the damage sustained by the fraud. (3 *Cranch*, 308. 6 *Id.* 253. *Peters' C. C. R.* 262. 1 *Verm. Rep.* 281. 4 *Id.* 555.) The same state of facts would support this action in either form. On this question of fraud the jury found against the defendant.

But it was material to inquire whether the second note was agreed, between Van Vranken and the defendant, to be taken in payment or extinguishment of the first note; (*Story on Promissory Notes*, §§ 104, 404; 11 *John. Rep.* 518; 12 *Id.* 410; 1 *Bouv. Inst.* 310; 1 *Peters*, 261; 10 *Id.* 532;) and that was a question of fact that belonged to and was decided by the jury. They must necessarily have found that the first note had been extinguished by payment before its transfer to the plaintiff, as the ground for the plaintiff's recovery.

It is, however, attempted on the part of the defense to bring

this case within that of *Cole* v. *Sackett*, (1 *Hill,* 516,) on the ground that there was no new consideration for the giving of the second note, and therefore that an action might be brought on the first note, notwithstanding the arrangement by which the second note was given. Conceding, for the purposes of this case, that *Cole* v. *Sackett* is good authority in its full extent, it has, in my judgment, no applicability to the case under consideration. There, E. and C. being in partnership, gave their note for a precedent simple contract debt of the firm, under an agreement that it should be received in full satisfaction and discharge. After they had dissolved, E. agreed, for a consideration, with C. to assume and pay the debt for which the note was given; in pursuance of which arrangement, E. took up the note and gave his own in lieu thereof, and it was held no bar to a recovery for the original consideration. It will be observed the suit was brought on the original consideration, and not on the note of the firm, which had been delivered up when the individual note of E. was taken. I think it will not be contended that an action could have been maintained on that note. To compare this case with that of *Cole* v. *Sackett*, the defendant's counsel must suppose this suit brought by Clute against Van Vranken to recover the price of the mare sold to him, and then the court would have to decide on the legal effect of the subsequent transactions.

If the note first taken had been delivered back to Van Vranken when the second note was taken, it is certain no action could have been maintained on it. This is on the ground that the first note was canceled and extinguished by agreement of the parties. The same principle is equally applicable and controlling when the first note is claimed to be lost and canceled by agreement of the parties, evidenced by a receipt given by the holder. Whatever may be the rule as to the bringing of a suit for the original consideration, I apprehend no suit could be maintained under such circumstances, on the first note. If such cancellation was not procured by fraud, it was as binding upon the parties, and as much a surrender of the note, as if the note had been delivered into the hands of the maker. It was not a

question between the original consideration and the second note, but between the security first taken and the second note, which had been substituted in its place. The plaintiff could not have maintained a suit against Van Vranken on the original contract, for the price of the mare. No person except Clute, who made the contract, could have brought such an action. Nor was it in the power of the plaintiff in a suit against Van Vranken, on the first note, to have brought into court and canceled the second note, as is required in a suit on the original consideration. (*Story on Promissory Notes*, §§ 104, 404. 2 *Gill & John.* 493, 508. 7 *Barn. & Cress.* 90, *S. C.* 9 *Dowl. & Ryl.* 860. 4 *Barb. S. C. R.* 369. 6 *Id.* 432.) The second note had not been transferred to the plaintiff.

In *Thatcher* v. *Dudley*, (2 *Root's R.* 170,) it was held that if a man gives an obligation for one of his own, supposed to be lost, it is one of the cases in which the new obligation may be pleaded in bar of the former, by way of accord. I am satisfied the note held by the plaintiff having been transferred after it was due and paid, was of no more validity than a piece of blank paper, and that he could have maintained no action upon it against Van Vranken.

The declarations of Van Vranken were properly rejected. No foundation was laid for such a mode of impeachment, by previously questioning Van Vranken as to what he had said.

It is quite too late to urge now that the note was turned out to the plaintiff before the second note was given by Van Vranken. No such position was assumed on the trial; nor would it have been consistent with the attempt made to satisfy the jury that the note transferred to the plaintiff was the second and not the first note.

The questions on the trial were mostly questions of fact, and were decided by the jury, and their finding ought not to have been disturbed.

The judgment of the county court must be reversed, and that of the justice affirmed.

[ALBANY GENERAL TERM, February 2, 1852. *Parker, Wright* and *Harris*, Justices.]