WILLIAM A. COIT, Appellant, *v.* JOSEPH B. STEWART, Respondent.

Where an agent converts property of his principal in his hands, and which he has agreed to account for and pay over, the principal has his election to sue for the breach of the contract or for the conversion; and if he elects to proceed for a breach of the contract, he may interpose it as a counter-claim in an action upon contract brought against him by the agent.

An order of General Term reversing an order of Special Term sustaining a demurrer, is not appealable to this court.

(Argued June 11th, 1872; decided June 20th, 1872.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, reversing an order of Special Term sustaining demurrer of plaintiff to a count of defendant's answer setting forth an alleged counter-claim.

The action was brought to recover the amount of two promissory notes executed by plaintiff. The substance of the counter-claim is set forth in the opinion. The grounds of the demurrer were, that the matters set up in the answer constituted tort, that it alleged that plaintiff acted in a fiduciary capacity, and that the claim is for unliquidated damages.

*Samuel Hand* for the appellant. The alleged counter-claim sets up a tort. (Sub. 2, § 179, Code; *Elwood* v. *Gardner*, 45 N. Y., 382; see Burrill's L. D., vol. 2, T.; Bouvier, id., 590; 1 Foubl. Eq., 4, and article Injury; 3 Blackstone

Com., 117; Code, § 179; *Gardiner* v. *Elwood*, 10 Abb. P. R. (N. S.); *International Bank* v. *Monteith*, 39 N. Y., 300; *Drake* v. *Cockroft*, 4 E. D. Smith, 34; *Edgerton* v. *Page*, 14 How. P. R., 116; *Mayn* v. *Parker Vein S. S. Co.*, 12 Abb., 300; *Edgerton* v. *Page*, 1 Hilton, 320; *Same*, 5 Abb. P. R., 1; see, also, 203; *Edgerton* v. *Page*, 18 How. P. R., 259; *Patison* v. *Richards*, 21 Barb., 143; *Bennett* v. *Parker*, 16 N. Y., 251.) A tort cannot, therefore, be set up as a counter-claim in an action on contract. (See 4 E. D. Smith, 34; 1 Hilton, 320; 4 Abb., 1; 18 How., 259; *DeLeyer* v. *Michaels*, 5 Abb., 203; 39 N. Y., 383; 22 Barb., 143; 14 How., 116; 12 Abb., 300.)

*Birdseye & Crosby* for the respondent.

GROVER, J. The counter-claim set up in the fourth defence was founded upon contract. The allegation in substance is that the plaintiff, in consideration of a specified reward therefor to be paid him by the defendant, undertook to complete the negotiations for the purchase by the defendant of certain securities, and promised the defendant that he would account for and pay over all moneys and deliver all securities belonging to the defendant to him, which he had refused to do, and had converted to his own use. Upon these facts the defendant had his election to sue for the breach of the contract or for the conversion of the securities. The statement in his defence shows that he has elected the former. (*Conaughty* v. *Nichols*, 42 N. Y., 83.) Having made his election to proceed for the breach of the contract, it may be interposed as a counter claim against the notes counted upon by the plaintiff. The order of the General Term reversing that of the Special Term sustaining the demurrer of the plaintiff to that defence and ordering judgment for the defendant thereon, was right and should be affirmed, if an appeal therefrom as an order could be taken to this court. But it is not appealable to this court. If the plaintiff had permitted judgment to be entered thereon, it could have been reviewed by this

court, upon an appeal from a final judgment in the action. (*Ferris* v. *Aspinwall,* decided by this court in March, 1871, opinion by ALLEN, J., not reported.) The counsel for the appellant cites *Rogers* v. *Wheeler* (43 N. Y., 598) as an authority, holding the order appealable. An examination of the case shows that no such question was raised, discussed or determined. The question was doubtless waived by counsel, and as the litigation could be substantially terminated by deciding the questions presented by the demurrer, the court passed upon them. There is no conflict between this case and *Ferris* v. *Aspinwall.* The order is not appealable to this court, and the appeal must be dismissed, with costs.

All concur.

Appeal dismissed.