'Van Vobst, J. [After stating the facts.]
The defendant’s counter-claim as pleaded constitutes a tort.
The wrong does not arise out of and is not connected with the claim set up in the complaint. It is an inde *209 pendent cause of action, and for which the plaintiff is liable to arrest and imprisonment. It may be that the defendant could have set up his claim for the moneys overpaid the.plaintiff in such form as to waive the tort and seek a recovery back of the moneys overpaid by way of counter-claim, on an implied contract to refund the same. But in such case the pleadings should set forth facts showing the defendant’s election to proceed on the implied contract, and not for the wrong.
In Coit v. Stewart (12 Abb. Pr. N. S., 216, and 50 N. Y., 17), it was held in a case of conversion of personal property, that the party has his election to sue for the- breach of the contract, or for the conversion, and if he elects to proceed for a breach of the contract he may interpose it as a counter-claim in an action upon contract brought against him by the one who had converted the property.
In De Graw v. Elmore (50 N. Y., 1), it was substantially decided that where a complaint alleges facts showing a cause of action in tort, a recovery cannot be had by proving upon the trial a cause of action in contract.
In Ross v. Mather (51 N. Y., 108), it was held that in an action where fraud is the basis of the complaint a recovery cannot be had for a breach of contract.
Section 150 . of the Code, subdivision 2, provides that in an action arising on contract any other cause of áction arising also on contract and existing at the commencement of the action may be interposed as a counter-claim. The counter-claim here set up is alleged to have originated, not in a breach of contract, but in a design to cheat and defraud the defendants.
The demurrer is well taken, and judgment thereon is ordered in favor of plaintiff, with liberty to the defendant to amend his answer in twenty days, on the usual terms.