HORACE J. THAYER, Appellant, v. SIMEON B. MANLEY, Respondent.

In an action for the conversion of a promissory note the measure of damages is the face of the note and interest, unless it appear that it is of less value because of something which legitimately impairs or diminishes its value or affects its validity.

The rule is the same whether the note is that of the plaintiff or of a third person.

Where in an action for the conversion of three notes made by plaintiff, it appeared that defendant refused to deliver up the notes on demand; that after the action was commenced, but before trial one of the notes became due, and that all of them were still in the possession of ~~plaintiff~~. *Held,* *defendant*

that as when the action was brought defendant had it in his power to dispose of the notes to a *bona fide* holder in whose hands they would have been valid, and plaintiff was then entitled to recover the actual damage which might accrue to him, this right was not impaired by the subsequent maturity of one of the notes before a transfer; also that as the judgment and a satisfaction thereof would transfer title to the notes to defendant, plaintiff was entitled to recover the full value; but that to avoid circuity of action a provision should be incorporated in the judgment giving to defendant the right to cancel and return the notes as a satisfaction of the damages.

Although in such case the plaintiff has a remedy by an equitable action to restrain defendant from transferring, and to compel the cancellation and surrender of the notes, he is not obliged to resort to this remedy, but may sue for the conversion.

*Thayer* v. *Manley* (8 Hun, 551), modified.

(Submitted March 21. 1878; decided April 16. 1878.)

APPEAL from order of the General Term of the Supreme Court in the fourth judicial department, reversing an order of Special Term denying a new trial, and granting a new trial unless defendant comply with certain conditions specified, in which case directing a dismissal of the complaint. (Reported below, 8 Hun, 550.)

This was an action to recover damages for the alleged conversion of three promissory notes.

The complaint alleged and plaintiff's evidence tended to show that defendant in October, 1872, by means of certain false and fraudulent representations induced plaintiff to execute and deliver to defendant three promissory notes of $500 each, payable to defendant or bearer two, three and four years from date respectively. Before either of the notes became due plaintiff demanded them of the defendant, who refused to deliver them up. One of them fell due, however, after the action was commenced and before the trial. Defendant still held the notes at the time of, and produced them on the trial, but did not cancel or offer to deliver them to plaintiff.

The court charged the jury that if they found for the plaintiff he was entitled to recover the amount of the notes with interest, to which defendant's counsel duly excepted.

The jury rendered a verdict for plaintiff for the amount as directed. The General Term reversed the judgment and granted a new trial, "unless the defendant shall cancel and return the notes and pay the costs of the action within thirty days. In the event that he so cancels and returns the notes and pays said costs, including the plaintiff's costs on this appeal, then this complaint be dismissed."

*C. D. Murray*, for appellant. For the conversion of a note, the rule of damages is the face of the note and interest, unless reduced by showing payment, insolvency of the maker or some fact to invalidate the note. (*Ingalls* v. *Lord*, 1 Cow., 210; *Potter* v. *Merch. Bk.*, 28 N. Y., 641; *Booth* v. *Powers*, 56 id., 22; *Evans* v. *Kymer*, 1 B. & Ald., 528.)

*Sherman S. Rogers*, for respondent. Plaintiff was entitled to recover nominal damages only. (*Booth* v. *Powers*, 56 N. Y., 22; *Ingalls* v. *Lord*, 1 Cow., 240; *Potter* v. *Merch. Bk.*, 28 N. Y., 641.) The measure of damages was the amount plaintiff had been injured by defendant's wrongful act. (*Baker* v. *Drake*, 53 N. Y., 211; *Decker* v. *Matthews*, 12 id., 319; *Barmon* v. *Lithauer*, 4 Keyes, 317.)

MILLER, J. The material question which arises upon this appeal relates to the measure of damages which the plaintiff was entitled to recover. The making of the notes by the plaintiff and the delivery to the defendant was procured by means of false and fraudulent representations. One of the notes was past due. Two others had not arrived at maturity at the time of the trial, and all of them were then in the defendant's possession. The judge, upon the trial, charged that the plaintiff was entitled to recover an amount equal to the face of the three notes, and a recovery was had accordingly. We think there was no error in the charge. The rule of damages in civil actions, in contract or tort, except in cases where punitory damages are awarded, is a just indemnity for the wrong which has been done, and no more,

and the true test by which this is to be determined is the amount of injury which the plaintiff has sustained. (*Baker* v. *Drake*, 53 N. Y., 211.) When the action is for the conversion of the negotiable note of a third person, the measure of damages is the amount of such note and interest, unless it is of less value by reason of payment of the same, insolvency of the maker, or some other lawful defense, which legitimately impairs or diminishes from its value or affects its validity. (*Booth* v. *Powers*, 56 N. Y., 22; *Potter* v. *Merch. Bk.*, 28 id., 641; *Ingalls* v. *Lord*, 1 Cow., 240; *Neff* v. *Clute*, 12 Barb., 466; Sedg. on Damages [2d ed.], 488.) The same rule applies when an action is brought for the conversion of a note of the plaintiff. (*Evans* v. *Kymer*, 1 Barn. & Ad., 528; *Decker* v. *Mathews*, 12 N. Y., 313.) In the case last cited, the note was transferred to a *bona fide* holder, and it was held that the plaintiff was liable for the amount of the note, as the presumption was that he had paid it, or would pay it, voluntarily, or that he would be compelled to pay it. It was said, however, that "the note in the hands of any one but a *bona fide* holder was without value." In the case at bar, the defendant had not parted with the notes, and was still in the possession of the same. While he was the holder, perhaps a perfect defense to their validity existed, provided such defense was interposed as the verdict of the jury shows that the defendant held them without any right. But the defendant had it in his power to dispose of them; and, when the notes were demanded, he refused to deliver up the same, and then, or even after the action was brought, the defendant could have transferred them to a *bona fide* holder before they became due, and they would have been valid in his hands. The plaintiff thus being liable to the risk of being obliged to pay the notes when the action was brought, he was entitled to recover the actual damage which might accrue to him by reason of any transfer of the same, and that right is not impaired by the fact that one or more of the notes might become due at the time of a future trial. The cause of action existed when the suit was brought, and

cannot thus be impaired or frittered away. It being a legal presumption that the plaintiff would either pay willingly or be compelled to pay the notes, he was entitled to recover the amount of the notes which alone would indemnify him against the same. Mere nominal damages would not cover the full amount of loss which might be incurred. A recovery for the conversion or for the taking of a specific chattel and satisfaction of the judgment changes the property in a chattel by operation of law, on the principle that *solutio pretii emptionis loco habetur*, where the transfer, by such means, is considered as a complete and absolute change of title. (*Osterhout* v. *Roberts*, 8 Cow., 43; *Curtis* v. *Groat*, 6 Johns., 168.) The defendant, therefore, by paying up a judgment for nominal damages, would be authorized to collect the notes and to enforce payment of the same, and thus the plaintiff would be compelled to pay the notes. It is true the plaintiff had a perfect remedy by an equitable action restraining the defendant from transferring the notes, and to compel their cancellation and delivery. (Story Eq. Jurs., § 906.) He was not obliged to resort to this mode of procedure, as the defendant had wrongfully converted the notes, and he had a complete right of action to recover the value of the same. This conclusion leads to a reversal of the judgment of the General Term, and to an affirmance of the order of the Special Term, denying a new trial. We are of the opinion, however, that justice may be done in accordance with established legal rules, without this result.

The defendant might have asked, upon the trial, to amend his answer by setting up as a defense that one of the notes was past due and in his hands undisposed of, and that he held the other notes, and was willing to surrender the same, and thereby offering to do so. The court, in such a case, would have the power to grant the application upon such terms as might be just. He did not do this; and, as this court, upon appeal, has authority to conform the pleadings to the facts, as found and presented upon the trial, and as such a course would prevent a circuity of action and promote

the ends of justice, there is no reason why the pleadings may not be considered as amended accordingly. In that aspect of the case, the order of the General Term should be modified and judgment ordered for the plaintiff on the verdict for the full amount of his recovery, with costs, unless the defendant, within thirty days after filing the remittitur, cancels and returns the notes and pays the plaintiff's costs, in which case the complaint is dismissed.

All concur in result, except EARL, J., dissenting.

Ordered accordingly.