Macomber, J.
At the trial the complaint was dismissed as to the defendant Litteil, but the case proceeded to a verdict against the other defendants.
The action is for fraud and conspiracy. The plaintiff and the defendant Bauer were co-partners in business under the firm name of Bauer & Betz, from February, 1878, to January, 1883, these persons succeeding a prior co-partnership, which was begun a few years earlier. The new firm was indebted to the plaintiff in the year 1882, for a considerable sum of money, which upon an accounting had after the beginning of this action, was shown to be $13,300 over and above all claims which the co-partnership of Bauer & Betz had against him.'
The firm was also indebted to a brother of the plaintiff, John J. Betz, in the sum of $30,000 at the same time. The defendant Bauer was authorized to make a promissory note for payment in part of his indebtedness to John J. Bauer, but he possessed no general authority of the firm or Betz to execute in the firm name any commercial paper whatever. In November, 1882, Bauer applied to the firm of Moser & Heidemer, for a loan of $10,000, representing to that firm that he desired to use the money to pay an installment upon John J. Betz’s note. The note was accordingly discounted by that firm and the proceeds were paid over to Bauer. This money never found its way into the hands of the firm of Bauer & Betz, on the contrary the portion represented by a cheók of Moser & Heidemer in the sum of $8,176.44 was handed to the defendant Daily, who was at that time Bauer’s counsel, and who was to some extent acquainted with the financial condition of the firm of Bauer & Betz. About the same time the defendant Bauer also obtained a check of Moser in the sum of $5,005, upon a note which he (Bauer) had made in the name of the firm, and Moser at the same time gave Bauer the promissory note of Mr. Yungling for $5,273.18 for this check and Yungling under Bauer’s direction, gave Moser three notes executed by Bauer in the firm name • of Bauer & Betz, one for $2,743.50, another for $5,006, and another for $2,-350.75. The several sums of money were deposited by Bauer in the Nassau Bank, and constituted the only moneys of that firm then in bank. None of these moneys were used to pay any portion of the John J. Betz note. The *311 sums so deposited in bank, namely, $12,030.96, were drawn out by two checks signed by Bauer in the name of the firm, one to the order of the defendant LitteH, in the sum of $5,256.50, and the other to the order of the defendant George W. Moore, in the sum of $6,818. These checks were severally endorsed by the payees thereof. Other notes were made also by Bauer in the firm name, two of which the defendant Moore procured to be discounted. There were, in fact,' so made, notes amounting in all to the sum of $92,000, but only the sum of $46,500 thereof was actually negotiated to different parties. A large portion of the proceeds of the notes was used to buy government bonds, all of which bonds were placed in the hands of the defendant Daily, where they now are. The charge of fraud and conspiracy is that the defendants combined so to make a .large number of notes in the name of the firm, the validity of which the plaintiff himself could not successfully contest, and by means of such fraudulent notes to compel the plaintiff to buy Bauer off and pay him a large sum of money, about $60,000, for which sum they intended to offer to surrender the notes, thus coercing the plaintiff into a large payment of money to his copartner.
The charge is, and there is evidence to sustain it, which the jury has pronounced to be rehable, that both the defendants, Daily and Moore, took an active and personal interest, in advising and helping by their acts, the defendant Bauer in making and negotiating the fraudulent notes. Indeed, the defendant Bauer himself testified that the method chosen thus to coerce the plaintiff into a settlement was suggested by the defendant Daily to him. This scheme was carried out by these persons, as the evidence discloses, substantially to the letter, as they had planned it. After throwing upon the market half the notes that had been made, Bauer, as it is claimed, under the direction of Daily, fled the state and kept himself secreted for some time, living and communicating with Daily and Moore under an .assumed name. Before the trial of this action all- of the notes that had been negotiated had matured and had been paid by the plaintiff. The recovery in his favor is for the whole amount of such payments, with interest thereon. As the jury have found the facts to exist in this case, this was beyond question the correct measure of damages. The plaintiff was not injured to the amount of moneys which lie had paid out in taking up these fraudulent notes at the time of beginning the action; the injury to him was done when the notes were first negotiated.
The jury, by the verdict, have established the fact that the fraud consisted of an illegal attempt to cheat and defraud Betz out of the sum of $60,000. In Thayer v. Manly, *312 (73 N. Y. 305), the court says: “ One of the notes was past due, (that is, at the time of the trial, but none of them were due when the action was commenced.) Two others had not arrived at maturity at the time of. the trial, and all of them were then in the defendant’s possession. The judge on that trial charged that the plaintiff was entitled to recover an amount equal to the face of the three notes,, and a recovery was had accordingly. We think there was no error in the charge. The plaintiff, thus being liable to the risk or being obliged to pay the notes when the action was brought, he was entitled to recover the actual damage-which might accrue to him by reason of any transfer of the same, and that right is not impaired by the fact that one or more of the notes might become due at the time of a future trial. The cause of action existed when the suit was brought, and cannot thus be impaired or frittered away.”
Under this authority the jury was justified upon the evidence to render a verdict against the defendants for the-whole sum paid.
In examining the testimony in the case, it is seen that the evidence given by the defendant Bauer was full of apparent contradictions of his previous acts and declarations and statements in writing, some of which were made under oath. But testimony was adduced to show that such previous declarations and acts had been procured to be done,, in part at least, by the defendant himself. The trial court most carefully instructed the jury that the testimony of Bauer, under the circumstances, should be scrutinized with care, and should be regarded with suspicion. The jury was carefully instructed on this point. They have seen fit, however, to decide, as a matter of fact that the story as. told by Bauer, the man himself who most profited by the conspiracy, was consistent with the facts and circumstances in the case which lay outside of the testimony Of any of the. parties to it, and which was in a large measure uncontradicted. The testimony of the defendants Daily and Moore,, if believed by the jury to be true, go far to exculpate them from any intentional wrong and of any purpose whatever to injure the plaintiff. Indeed, the trial court instructed the jury, in substance, that if Daily and Moore acted in good faith and did no more than Daily had honestly advised his chent Bauer that he could do, there could be no recovery against them. This surely is as far as the court, can, under the circumstances, be expected to go.
There would, therefore, be no serious question as to the-duty of the court to affirm the judgment if the verdict was arrived at upon a conflict of evidence, except for the alleged error in the charge of the learned judge upon another subject. The jury was instructed that inasmuch as the- *313 action was for a conspiracy, they could render no verdict unless they found that two at least of the defendants had combined and conspired together, and had carried out the conspiracy. He said: ‘‘ However guilty you may find the defendant Bauer in this case, unless you find there was this fraudulent intent and guilty knowledge on the part of either Daily or Moore, a general verdict will have to be rendered in favor of the defendants because one man camiot conspire with himself.” It has been frequently held that in a case of conspiracy, the evidence of the conspriacy failing, the court would permit the plaintiff, if the case warranted it, to recover against one defendant for the deceit or fraud. See Jones v. Baker, 7 Cow., 444; Gaffney v. Colvill, 6 Hill, 573.
The learned judge, in his opinion upon a motion for a new trial, construes this portion of his charge as being in reality more favorable to the defendants than they were entitled to, and on the whole we are inclined to adopt this view. There was evidence in the case which, if the jury believed it was sufficient for them to hold any one of the defendants for the fraud and deceit practiced upon the plaintiff, and in reality there was no question made, but that the defendant Bauer was so liable, because he in his testimony confessed to it. The argument of the defendant’s counsel, like the first impression derived from this portion of the charge, would naturally be, that the defendants Daily and Moore might possibly complain of it because as judgment must go against Bauer in any event, it tended to coerce the jury into rendering a verdict against them as well, while in truth and in fact, as it might be contended, the jury might have acquitted them of any intentional wrong. But such argument does the whole charge, taken together, obvious injustice. By this portion of it, the jury were compelled to find as a fact the existence of the conspiracy, and if they found its existence and also found that the fraudulent intent and guilty knowledge existed also in the hearts and minds of Daily and Moore, a recovery could be had against the three defendants. It is seen, therefore, in reality the charge was more favorable to each individual defendant than the court was required to make under the circumstances. We cannot assume that the jury did not act upon what they deemed credible evidence in holding the three defendants guilty of the conspiracy. We cannot assume that they would permit themselves to render an unjust verdict against two other defendants because Bauer had confessed his offense.
It was not error in the court to receive in evidence the judgment-roll in the case of Bauer v. Betz. It was not re *314 ceived for any purpose except to establish as between Betz and Bauer, the condition of their partnership accounts, and .it was competent for that and that alone. It was not re- ' ceived against the defendants Daily and Moore for any purpose.
We have examined the other exceptions in the case, and we do not find in any of them such error as would justify the court in granting a new trial. • '
The judgment should be affirmed with costs.
Brady and Daniels, JJ., concur.