Bockes, J.
There was a sharp conflict of proof upon the principal if not upon all the material facts in the case; and the evidence, too, was chiefly from witnesses interested, pecuniarily or in feeling, in the event of the suit. The case was one, therefore, peculiarly for the jury. We must assume, as we think, that on the proof the jury were authorized to find that the defendant was in possession of and held for the plaintiff a valid policy of insurance, issued to her upon her property, guaranteeing her against loss and damage by fire; that contrary to this obligation and duty to her he cancelled such policy, or caused it to be cancelled; and further, the insured property having been destroyed by fire, the plaintiff was damaged by reason of such cancellation to the amount certified in the verdict. The evidence on the part of the plaintiff, if credited and construed as it was insisted before the jury it should be, would support a finding that the policy was upon the plaintiff’s interest in the property covered by it, and was, while in the hands of the defendant, and until cancelled by or through his wrongful conduct in that regard, a valid, binding instrument. The issue on which great stress was laid at the trial was whether the policy was in force at the time *398 of the surrender and cancellation. After looking carefully into the proof we cannot say that the verdict is unsupported by the evidence. So to do would require us to credit, discredit and construe conflicting proof, which was within the province of the jury, not for the court on reviewing the case on appeal.
As to the wrongful action of the defendant, and as to the damages resulting to the plaintiff therefrom, there was proof to the effect that the former not only cancelled the policy, or caused its cancellation, but also that he refused to give the latter the name of the company in which he effected the insurance; and it would follow as a consequence that the plaintiff, could not present her claim for payment or perfect it by the service of the requisite proof of loss. There was, too, a presumption that the policy, if valid and in force at the time of its cancellation, was of its face value to the plaintiff as a contract of indemnity, on proof that such face value was no greater than was the value of the plaintiff’s interest in the property insured and destroyed by fire, and indeed the unavailability of the contract for any reason conceding its validity, would be matter of defense by way of'reduction of damages. The same rule would apply here as in case of trover for a promissory note, bill of exchange, draft or other contract. Thayer v. Manly, 73 N. Y., 305. There is nothing decided in Wills v. Wells (8 Taunt., 264), cited by appellant’s counsel to the contrary of this. Accepting then the verdict as conclusive on the material questions of fact, it remains to enquire whether there is any error in the rulings of the court, either upon questions as to the admission or rejection of evidence, or in the submission of the case to the jury for decision.
It appeared that the property covered by the policy was owned jointly by the plaintiff and her husband, and that the former was in possession at the time the arrangement was made with the defendant for the insurance. The plaintiff was permitted to testify, against - objection and exception, that her husband told her when he went away to use the property as she saw fit for the benefit of herself and children; that it was her property. This evidence was, as the case was made, quite immaterial; but as her interest only was insured and such interest was equal in value to the amount of the insurance such evidence was entirely harmless. Objection was also made to what occurred at the defendant’s office when the plaintiff went there after the fire to see about the policy. As to this, the plaintiff testified that the clerk took the policy out of the safe and said it was her’s, and handed it to her or reached it towards her. and that she asked him to read it, and he did so; that. *399 he stated the vocation of the land, also the company, but that she did not remember the name of it. The objection made and urged was to any evidence tending to prove & delivery of the policy subsequent to the fire or to an agreement relating to it; and also to the witness giving the contents of the policy. The evidence does not seem to be obnoxious to the grounds of objection urged. The point of the evidence went to the mere fact of the existence of the policy, and for this purpose the evidence was admissible. It also appeared at a subsequent stage of the trial that the plaintiff had served notice on the defendant to produce the policy, with which he failed to comply without showing satisfactory reason for the omission, and for this reason the question to the defendant as to whose name was written in the policy was rightfully excluded. Platt v. Platt, 58 N. Y., 649. In this connection the defendant testified that he kept a record of the written portion of policies issued through his agency, and that there was a record of the written portion of this policy (the policy in question) made in a book kept by him for that purpose; that it was made from the conversation had between him and the plaintiff immediately after the latter left his office at the time of her application for the insurance; also that there was a written memorandum then made in her presence of what she desired to have insured; that it was read over to her but not preserved, but that the book contained an exact copy of that memoranda. The book was offered in evidence but was rejected.
In this there was no error. The policy was the best evidence of the facts sought to be proved, and the defendant had made this incompetent because of his contumacy in refusing to produce it. As a memoranda, it was incompetent to be read in evidence because not necessary to aid the the memory of any witness as to any fact stated in it. The defendant also offered to show that the insurance was written in the Niagara Insurance Company, and that it was written to A. P. and Mary Duel, and that the policy contained a provision declaring that it should be void in the absence of an endorsement thereon to the effect stated by counsel, and that there was no such endorsement on the policy. This evidence was objected to and excluded. It is understood from the course of the trial that this was an offer of proof by paroi. In this ruling there was no error, because as to all this the policy itself was the best evidence, and that even was then inadmissible on the defendant’s offer because of his contumacy, as above stated, in omitting to produce it on the notice requiring its production. Besides, it did not lie with the defendant to allege that the policy issued through his agency was invalid when called *400 upon to answer for his wrongful cancellation of it. The defendant was asked as to what were his instructions from the company in regard to the cancellation of policies. As the case was made on the proof, this subject of inquiry was entirely irrelevant. Whatever were his instructions from the company in that regard could not affect the question in issue between the parties here, whether the defendant had, contrary to his agreement with the plaintiff to carry the policy for her, himself caused its cancellation. The question was not one between the plaintiff and the company, but was one between the plaintiff and the defendant as to his duty and obligation to her.
As respects the exception to the charge of the judge and to his refusal to charge as requested, we find no ground of error. The first request was granted, the second was not refused ; nor, indeed, was there any refusal to the third; nor was an exception entered to the remarks made by th e court in replying to the second and third requests. The general exception “to the refusal to charge as requested and to the charge as made ” is unavailing for indefiniteness.
Judgment and order affirmed, with costs.
Learned, P. J., and Landon, J., concur.