WILLIAM CAIRNCROSS *vs.* JOHN MCGRANN and another, Administrators, and another.

June 15, 1887.

**Specific Performance—Pleading—Variance.**—In an action for the specific performance of a parol agreement for the sale and conveyance of land, under and in pursuance of which the vendee had entered and made valuable improvements, the agreement, as proved by the plaintiff and found by the court, did not conform strictly to that alleged in the complaint as respects the boundaries, and the nature of the grant or conveyance to be made, of a part of the premises. *Held,* that the pleadings might properly have been amended so as to conform to the proof, and that the variance should be disregarded in this court.

**Same—Decree directing Conveyance by Wife.**—Where a married woman is not a party to the contract sought to be enforced, she should not be required by the judgment of the court to join in the conveyance decreed.

Plaintiff brought this action, in 1884, in the district court for Sibley county, against Philip McGrann and Honora McGrann, his wife, to enforce specific performance of a contract for the conveyance of land. The action was tried by *Macdonald, J.,* who found, among other facts, that in 1866, the defendant Philip McGrann entered into an agreement with the plaintiff, whereby the plaintiff agreed to construct and operate a saw-mill upon the land agreed to be conveyed, and the defendant Philip McGrann, in consideration of the benefits to be derived from the construction and operation of such saw-mill, agreed to convey to the plaintiff two acres, (specifying the same,) and also to give and grant to the plaintiff the free use of eight acres adjoining, so long as the saw-mill should be operated, and that the plaintiff duly constructed and had in operation such saw-mill in the year 1867. Judgment was directed for plaintiff, requiring the defendants to convey to the plaintiff the two acres, and granting to the plaintiff the free use of the eight acres adjoining so long as he should operate the saw-mill. After the trial Philip McGrann died, and his administrators were substituted as defendants. The defendants appeal from an order refusing a new trial.

*S. & O. Kipp,* for appellants.

*Cadwell & Parker,* for respondent.

VANDERBURGH, J. This action is for the specific performance of a parol contract for the conveyance of land, under which the plaintiff, it is alleged, has entered and made certain improvements, involving large expenditures, in pursuance and upon the faith thereof. The land alleged to have been so contracted to be conveyed is a tract of 10 acres, described in the complaint. The answer shows that the tract agreed to be conveyed was two acres only, in the same quarter-section, parcel of the ten acres claimed by plaintiff; and the court finds that the agreement actually made embraced the two acres described in the answer, to be conveyed by an absolute deed, and about eight acres adjoining, which plaintiff was to enjoy the use and occupation of, so long as plaintiff retained and operated his saw-mill upon the two-acre tract. This agreement is found to have been made in December, 1866. The answer admits that plaintiff erected a mill upon the two-acre tract, as agreed, and the court finds that the plaintiff has maintained and operated the same since the year 1867, with the knowledge and consent of the defendant, and has made other lasting and valuable improvements upon the adjoining eight acres referred to and described in the findings, and that he still occupies the premises, under and in reliance upon the agreement as found by the court. It does not appear that the land was ever inclosed by a fence, or that the boundary lines thereof, as described by the court in its findings or in the pleadings, were ever accurately defined or marked on the land. The improvements and buildings made and erected by the plaintiff were not exclusively upon the two acres; but his house, and a part of his clearing and other improvements, were upon the adjoining eight acres in question. The facts as found by the court do not conform strictly to the agreement as alleged in the complaint as to the nature of the estate or interest in the land agreed to be conveyed as respects the eight acres, nor as to the boundaries thereof. But the findings are supported by the evidence, and are based upon testimony in the case received without objection. We cannot see that the variance was material or prejudicial to the defendants. The court might very properly have ordered the pleadings to be

amended in conformity with the facts as found. Its omission to do so furnishes no sufficient reason for dismissing the action or granting a new trial. Such amendment may still be made. The variance should not be regarded in this court. *Thayer* v. *Manley*, 73 N. Y. 305, 310.

2. The court finds that the premises are no part of the defendants' homestead. The inchoate right of dower of the defendant Honora McGrann was extinguished by the act of 1875, abolishing dower. As against the plaintiff, whose superior rights in the land, and to have a deed therefor from her husband, thereupon attached, she has no interest therein requiring her to be a party to it; and, since she was not a party to the contract, she should not be decreed to join in the conveyance. But the decree should declare and adjudge plaintiff's superior equities and rights in the premises, and direct the conveyance, or pass the title, free and clear of any claim or interest therein of the defendant Honora. But there is no ground for a new trial, and the order denying the same is affirmed, and the case remanded for further proceedings.