access in and over the Bowery had been in part taken or interfered with, but that the plaintiff had failed to show that by reason thereof damages had resulted to the fee or rental value of the premises. The plaintiff sued as life tenant only of the premises on the northeast corner of the Bowery and First street, which is an irregular plot, having a frontage of 30 feet 10 inches on the Bowery, the rear line being 40 feet in length. The depth of the plot is 73 feet 1 inch on the northerly line. Upon this lot are erected three two-story and attic buildings, together with a building on the rear, having an entrance entirely on First street, which was excluded from consideration by consent of the parties. The front buildings in suit are extremely old and dilapidated, and without any modern improvements. While instances were given where contiguous properties off the road had brought in proportion a higher rental, there was no satisfactory evidence of the general course of rental values given by the plaintiff, relying, as she did, upon the special instances given to show the trend of values both on and off the line of the railway. On the part of the defendant, evidence was introduced tending to show that the rental value of this property had increased since 1878; and its failure to show a greater increase was attributed to its poor rental condition. The plaintiff, as life tenant, had practically little interest in the fee; and therefore whether the land was worth more or less made but little difference, her interest being in the rents of the buildings; and, provided she got fair returns therefrom, she had no substantial grievance, even though the fee value was to some extent affected. If in this suit the fee were involved, then the error into which the referees fell in holding that, under the deeds, there was no ownership in the bed of the Bowery. might have been serious. We are of opinion, from an examination of the record, that we would not be justified in disturbing the conclusion reached by the referees, that there had been no such showing of injury to the rental value as would entitle the plaintiff to injunctive relief, and to damages as incidental thereto. We think, however, that the order granting an extra allowance should not have been made. Some of the difficulties presented upon the trial were made by the changing attitude of the defendant, who, after entering into a stipulation as to the effect of the road upon the premises, was permitted to withdraw it. This necessitated the taking of much testimony that might otherwise have been obviated.

The judgment should therefore be modified by striking out the extra allowance, and, as so modified, affirmed, without costs.

---

PECKE v. HYDRAULIC CONST. CO.

(Supreme Court, Appellate Division, First Department. December 10, 1897.)

1. COUNTERCLAIM—WHAT CONSTITUTES.

In an action for services rendered, the answer set up as a counterclaim that plaintiff was employed by defendant as a civil engineer to take general charge of work and men. keep account of work done, men employed, and time occupied, examine and certify the pay rolls, and that he entered

on such employment, but did not verify, examine, ana supervise the rolls, which contained false and excessive entries aggregating a certain amount, in which sum defendant was damaged. *Held* to set forth a good cause of action for breach of contract, within Code Civ. Proc. § 501, subd. 2.

2. SAME—CONTRACT OR TORT.
In an action on contract, where defendant sets up by way of counterclaim facts showing a contract by plaintiff to certify to the correctness of pay rolls, a breach by plaintiff, and resulting damages to defendant, the further allegation that plaintiff's wrongful certification of false pay rolls was willful, negligent, and without proper care, does not change the nature of the counterclaim from contract to tort.

3. SAME—DAMAGES.
Where a counterclaim is based on plaintiff's certification of false pay rolls in breach of his agreement, and resulting damage to defendant, the further allegation that the amount of the false rolls was, by reason of. the certification, paid over to a superintendent, and by him and others appropriated to their own use, does not confine defendant to nominal damages only, for the allegation is that it was by reason of plaintiff's breach of contract that those persons were enabled to appropriate the money. °

Appeal from special term.

Action by Francis E. Pecke against the Hydraulic Construction Company for breach of contract. From a judgment overruling a demurrer to the counterclaim of defendant, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

George A. Stearns, for appellant.
John C. McNeilly, for respondent.

INGRAHAM, J. The action is on contract. The complaint alleges two causes of action, and the defendant interposed an answer which alleged a defense to the first cause of action, and set up a counterclaim to which the plaintiff demurs. The form of the demurrer is somewhat unusual. The plaintiff first demurs to the part of the answer marked "Second," on the ground that, "so far as the same is set out as a defense, it is insufficient in law and upon the face thereof"; and, second, to that part of the answer marked "Second" in so far as the same purports to set up a counterclaim, on three grounds: (1) That the facts stated do not constitute a cause of action on contract; (2) that the facts stated show upon their face that the counterclaim, so far as it claims damages for a tort, does not arise out of the contract or transaction set forth in the complaint, nor out of any transaction connected with the subject of the action; and (3) that the facts stated do not constitute any cause of action. By section 494 of the Code of Civil Procedure the plaintiff may demur to a counterclaim or a defense consisting of new matter contained in the answer on the ground that it is insufficient in law upon the face thereof. By section 495 of the Code the plaintiff may also demur to a counterclaim upon which the defendant demands an affirmative judgment, where it appears on the face of the counterclaim either that the counterclaim is not of a character specified in section 501 of the Code, or that the facts alleged as constituting the counterclaim do not state facts sufficient to constitute a cause of action. By section 501 of the Code it is provided that the counterclaim must tend in some way

to diminish or defeat the plaintiff's recovery, and must be one of the following causes of action against the plaintiff: "First, a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action; second, in an action on contract, any other cause of action on contract existing at the commencement of the action." The demurrer interposed seems to be sufficient to raise both of these objections, and they are both relied upon by the appellant. The court below sustained the demurrer on the ground that the facts alleged in the second paragraph of the answer did not constitute a defense to the causes of action, and were insufficient upon the face thereof; but overruled the demurrer to the counterclaim, holding that the counterclaim stated a cause of action upon contract that would entitle the defendant to recover at least nominal damages against the plaintiff. We do not think that a counterclaim that only alleged facts to show that the defendant was entitled to nominal damages would be of the character specified in section 501 of the Code, as such a counterclaim would not tend in any material way to diminish the plaintiff's recovery. But we think that the facts alleged entitled defendant to recover substantial damages. The complaint alleges two causes of action upon contract,—one to recover for services rendered at an agreed price for the month of February, 1897, and certain expenses of the plaintiff incurred in and about the business of the defendant during that month, making in all a sum of $171.62; and the second cause of action is for goods sold and delivered to the defendant at the agreed price and value of $105.78. The facts stated as the foundation of the counterclaim are that the plaintiff was employed by the defendant as a civil engineer at a salary of $150 a month, in consideration of which employment the plaintiff undertook and agreed to take general charge and direction of the work and of the men employed thereon, to keep accurate account of the work done and the men employed and the time they were employed, to examine the pay rolls which were made on the work under the direction of the plaintiff, and to see to it that the same contained an accurate statement of the men employed and the time they were employed, and to certify to the correctness thereof to the defendant, and to certify only such pay rolls as were correct and true; that in pursuance of such agreement the plaintiff entered into the employment of the defendant, and continued therein from March 1, 1896, until on or about August 5, 1896; that the plaintiff certified to the defendant all the pay rolls that were made out for said work, and thereby stated to the defendant that the same were in all respects correct, and correctly stated the number of men employed on said work, and the time for which they were employed, but that the plaintiff failed to keep his said agreement of employment, in that he failed to count the number of the men employed, and the time for which they were employed thereon, and failed to examine and supervise the pay rolls, and to see to it that the same contained an accurate statement of the men employed on said work, and the time for which they were employed, and failed to certify only the pay rolls that were accurate and true, but, on the contrary, from the 20th day of March, 1896, to the 5th day of

August, 1896, said plaintiff certified that pay rolls aggregating $17,-351.43 in amount were accurate and true, when the same were in fact inaccurate and untrue, in that the same contained numbers and names of workmen as having been employed on said work, when in truth and in fact no such persons had been employed upon said work. The said counterclaim further alleges that the false entries in said pay rolls during the said period from March 20, 1896, to August 5, 1896, so certified by the plaintiff as correct and true, amounted to the sum of $1,600 and upward, in which sum this defendant was damaged by the acts of the plaintiff aforesaid. These allegations, which are admitted by the demurrer, are sufficient to allege a contract and breach, and that damage was sustained thereby, and would entitle the defendant to recover the damages stated.

The allegation in the counterclaim that is relied on by the plaintiff to show that this is a cause of action on tort, and not on contract, is that the plaintiff "willfully, negligently, and without proper care and investigation on his part, so wrongfully certified said false and fraudulent pay rolls." This allegation would appear to be unnecessary to sustain the plaintiff's liability to the defendant, but it cannot be said to change the nature of the cause of action alleged. A contract is alleged, a breach of that contract by the plaintiff, and the fact that damage resulted from such breach. The breach was a failure of the plaintiff to perform his contract. Whether that failure was willful or negligent and without proper care and investigation on his part was not material. The fact alleged was that he agreed to examine and certify correct pay rolls; that he broke that agreement, and certified false and fraudulent pay rolls; and that, in consequence of such certification, the defendant has been damaged to the amount of $1,600. The further allegation that "the amount of the said pay rolls containing such false entries was, by reason of such certification, paid over to the superintendent of the work, and the amount of the false entries therein was by him and others appropriated to his and their own use," does not so qualify the allegation of damage as to show that the defendant was entitled to recover only nominal damages for the breach. It is not alleged that the superintendent of the works was in the employ of the defendant, or that the damage that resulted to the defendant was in consequence of the dishonesty of one of the defendant's employés. But, assuming that he was in the defendant's employ, the allegation is that this superintendent, and others, were enabled to appropriate this property to their own use by reason of the failure of the plaintiff to properly perform his contract with the defendant. I think, taking the cause of action as a whole, it alleges a contract, a breach by the plaintiff, and that in consequence of such breach the defendant sustained damage to the amount of $1,600. That being so, the counterclaim would come within subdivision 2 of section 501 of the Code, as a cause of action on contract existing at the time of the action. The plaintiff also criticises this allegation as not showing that a cause of action existed at the time of the commencement of the action; but, as the breach of the contract alleged was between March 20, 1896, and August 5, 1896, whatever cause of action existed arose at the time of the breach

between those dates; and, as the complaint sets up a cause of action which became due February, 1897, after this breach, it is apparent, construing both pleadings together, that it is alleged that the cause of action existed at the time of the commencement of the action.    I think, therefore, that the counterclaim alleges a cause of action in favor of the defendant against the plaintiff upon contract, and also alleges that the defendant sustained substantial damage, and for that reason the demurrer was properly overruled.  ·

The judgment should be affirmed, with costs, with leave to withdraw the demurrer and reply on payment of costs in this court and in the court below.    All concur.