NEWMAN, Appellant, v. MUNK, Respondent. Supreme Court, Appellate Term. May, 1902.) Action by Emelie Newman, as administratrix, etc., against George Munk. Lewkowitz & Schaap, for appellant. P. Gross, for respondent.

PER CURIAM. The plaintiff in this action set forth in her complaint, among other allegations, that she was the administratrix of Henry Newman, deceased; that said deceased, at the time of his death, had the sum of $274.25 on deposit in the Boston Five Cent Savings Bank; that said bank had issued to said Newman a book, in which was entered the sums showing the amounts due said Newman; that the plaintiff, as administratrix, became entitled to said book, and the funds represented therein, as one of the assets of the deceased; that the defendant had wrongfully converted said book to his own use,—and the plaintiff demanded a judgment against the defendant for the sum of $274.25. It appeared upon the trial that the defendant had said bank book in his possession, and that, claiming to be the owner

thereof, he had brought an action against the bank to obtain the fund on deposit to the credit of the deceased and evidenced by the book aforesaid. The defendant, therefore, claims not only to exercise dominion, control and ownership of the book, but also claims ownership of the fund represented by the book. By the course of the trial it was assumed that the ownership of the book carried with it the ownership of the fund, and this question was decided by the jury in favor of the plaintiff upon conflicting evidence. Under the pleadings and the theory upon which the trial was conducted, the measure of damage adopted by the trial judge was the correct one. If it had been shown, upon the trial, that the defendant merely had the possession of the book and made no claim of ownership to the fund represented thereby, the measure of damage might be other than the one upon which the verdict herein was based. The judgment herein and its satisfaction will vest the title of the book and the ownership of the fund in the defendant (Thayer v. Manley, 73 N. Y. 305), and no legal injustice has been done him; the question of the title to the property as between him and the plaintiff having been found by the jury to be in the plaintiff after a fair trial in a court of competent jurisdiction. The judgment and order of the general term of the city court must be reversed, and the judgment of the trial term of the city court affirmed, with costs. Judgment (74 N. Y. Supp. 467) and order reversed, with costs.