FREDERIC FOYLE NUGENT, Appellant, v. JOHN R. ROWLAND, Respondent, Impleaded with WILLIAM SETON GORDON and Others, Defendants.

First Department, June 8, 1917.

Pleading — answer — counterclaim for conversion of promissory note set up in action on independent contract — allegations not constituting counterclaim for substantial or nominal damages.

A counterclaim set up by a defendant sued for the value of services and disbursements which alleges in substance that the defendant became an accommodation indorser for the plaintiff on a note without consideration and upon the plaintiff's agreement that he would use the note only for the purpose of renewing and retiring prior notes, and that the plaintiff, instead of so doing, permitted the former notes to go to protest so that the defendant was obliged to pay them and converted the renewal note to his own use and delivered it to a stranger " who claims to be a bona fide holder thereof in due course," should be dismissed as insufficient, there being no allegation that the defendant has paid the note or that the plaintiff who was primarily liable thereon is insolvent.

Said counterclaim does not set up a cause for conversion as the defendant did not own the note, and in any event the conversion would not

be a proper counterclaim in the action brought upon an independent contract.

Said counterclaim does not state facts entitling the defendant even to nominal damages.

APPEAL by the plaintiff, Frederic Foyle Nugent, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 14th day of February, 1917, denying his motion to dismiss the fourth counterclaim contained in the amended answer of the respondent and overruling his demurrer thereto.

*Lilian Herbert Andrews,* for the appellant.

*Clarence De Witt Rogers,* for the respondent.

LAUGHLIN, J.:

This is an action for services and disbursements in connection with the organization of the " Directors Trust Company of New York." Defendant Rowland, the respondent, joined issue on the material allegations of the complaint and set up in three counterclaims that he became accommodation indorser for the plaintiff on five notes which he was obliged to pay. In a fourth counterclaim he pleaded that he became accommodation indorser for plaintiff on a sixth note on which his indorsement was procured without consideration upon plaintiff's agreement that the note would be used only for the purpose of renewing and retiring the other five notes, and that, instead of using it in renewal or retirement of the other notes he permitted them to go to protest and respondent was obliged to pay them, and plaintiff converted the sixth note to his own use and delivered it to a stranger " *who claims to be a bona fide holder thereof in due course;* " that said sixth note was not paid at maturity and was duly protested and the holder threatens suit against respondent thereon, and that thereby he has been damaged in the amount of the sixth note, together with protest fees. Plaintiff demurred to the fourth counterclaim on the ground that it was not of the character specified in section 501 of the Code of Civil Procedure, and that it does not state facts sufficient to constitute a cause of action.

First Department, June, 1917. [Vol. 178.

The respondent has not paid the note and it is not even alleged that the plaintiff, who is primarily liable thereon, is insolvent. It is contended in behalf of the respondent that the diversion of the note gave rise to a cause of action in his favor at his election to recover the amount of his liability on the note either in tort or for breach of the contract, and in support of that contention he cites *Thayer* v. *Manley* (73 N. Y. 305); *Davison* v. *Farr, Ward & Co.* (18 Misc. Rep. 124) and *Coit* v. *Stewart* (50 N. Y. 17), which I think are not in point. In *Thayer* v. *Manley* (*supra*) the action was by the maker against the payee for the conversion of a note alleged to have been obtained by fraud and it was held that the maker, without paying the note, had an election of remedies, either to sue in equity to enjoin the negotiation of the note and to have it canceled or to sue for the conversion thereof on defendant's failure to deliver it to him on demand, and that the satisfaction of the judgment in conversion would validate the note and authorize a recovery thereon. In *Davison* v. *Farr, Ward & Co.* (*supra*) the action was by an accommodation indorser against the maker who claimed that his indorsement was procured by fraud. There the note had been negotiated, and the indorser, on discovering the fraud, paid and took up the note and held it when he brought the action. Likewise, in *Metropolitan Elevated R. Co.* v. *Kneeland* (120 N. Y. 134), cited in *Davison* v. *Farr, Ward & Co.* (*supra*), it was held that a corporation might maintain an action against its directors for fraudulently issuing and negotiating its promissory notes on the ground that it was liable to the holders thereof, and that presumptively the face value of the notes was the measure of its damages. In *Coit* v. *Stewart* (*supra*) it was merely held that a principal whose agent converts his property has an election to sue for the conversion or for a breach of the contract of agency. Here, however, there was no conversion for the respondent did not own the note. Moreover, if he had a cause of action for the conversion of the note it would not be a proper counterclaim to this action on an independent contract.

It is insisted, however, that respondent's counterclaim is for the amount of his liability on the note on the ground that there was a breach of the contract by which his indorse-

ment was obtained; but even on that theory no damages are shown. This counterclaim does not purport to be and it is not claimed that it can be sustained for the amount of the other notes which were to be retired and which respondent has been obliged to pay. The other counterclaims present his cause of action for having been obliged to pay the five notes which were to be renewed and retired. But it is contended that the mere breach of the contract gave rise to a cause of action for nominal damages at least. In *Pecke* v. *Hydraulic Construction Co.* (23 App. Div. 393) it was unanimously stated by this court that a counterclaim under section 501 of the Code of Civil Procedure must be upon a cause of action which will *materially* diminish the plaintiff's recovery, and that a counterclaim for nominal damages is not authorized. It was, however, stated by the Second Department in *Coppola* v. *Kraushaar* (102 App. Div. 306), without citing or considering *Pecke* v. *Hydraulic Construction Co.* (*supra*), that a counterclaim for nominal damages is authorized. Manifestly this counterclaim was not pleaded upon the theory that the respondent was entitled to nominal damages, for if he had brought an action on the counterclaim and it had been held that he was entitled to recover nominal damages only, he would have been mulcted in costs, less six cents; and if the complaint had been dismissed an appellate court would not reverse the judgment to entitle him to recover nominal damages. (*Devendorf* v. *Wert*, 42 Barb. 228.) There are cases holding that a demurrer for insufficiency will not be sustained to a complaint showing a cause of action for only nominal damages. (*Mills* v. *Gould*, 42 N. Y. Super. Ct. 119. See, also, *Quin* v. *Moore*, 15 N. Y. 434.) It is not necessary in the case at bar to decide whether a counterclaim for nominal damages is authorized, for we are of opinion that the facts alleged in the counterclaim do not show that the respondent is entitled to recover even nominal damages for the wrongful diversion of the note. It is not alleged that the party who holds the note parted with value or obtained it before maturity, or even that he was a holder in due course but merely that he claimed to be; and, therefore, in an action against the respondent on the note proof of the wrongful diversion would be a defense, unless the holder showed that

he took it in due course, for value and before maturity. (Neg. Inst. Law [Consol. Laws, chap. 38; Laws of 1909, chap. 43], §§ 91, 98.) For aught that appears payment of the note may be enforced against the plaintiff, or if enforced against the respondent he may recover of the plaintiff. If, therefore, respondent should be permitted to recover the amount of the note before paying it payment may be enforced against the plaintiff who would then have no redress against the respondent.

It is, therefore, evident that the counterclaim is not good on the theory on which it has been pleaded, namely, for the recovery of the amount of the diverted note. The only question, therefore, is whether the respondent in addition to his counterclaims for the amount paid on the other five notes has a cause of action for nominal damages for the breach of the contract in diverting the sixth note. In the circumstances we are of opinion that on the facts alleged respondent has not yet even sustained nominal damages on that theory.

It follows that the order should be reversed, with ten dollars costs and disbursements, and plaintiff's motion for dismissal of the fourth counterclaim granted, with ten dollars costs.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and defendant's motion denied and plaintiff's motion granted, with ten dollars costs.